THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY L. SANGSTER, Defendant-Appellant.

Third District    No. 76-69

Opinion filed November 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal from the Circuit Court of Rock Island County finding defendant Gregory L. Sangster guilty of the offense of attempted burglary, following a jury verdict finding defendant guilty as so charged. Following a presentence report and hearing, the trial court sentenced defendant to a term of from 2 to 6 years in the penitentiary.

On appeal in this court, the sole issue raised by defendant is the contention that he was denied a fair trial because the judge, who defendant contends had notice before the commencement of the trial that he had previously represented defendant as defense counsel in another unrelated criminal proceeding, failed to recuse himself *sua sponte.*

It appears from the record that defendant was observed standing near the door of a tavern at 5:51 a.m. on May 6, 1975. He was wearing gloves and had an object in his hand. Following a chase, defendant was

apprehended and arrested. At the time of the arrest, defendant was neither wearing gloves nor carrying an object.

Upon returning to the tavern, the officers found that the upper bolt type lock on the door was loose and that the hasp padlock, though still intact at the door, was pulled from the door. Later, during a general search of the area, the officer found a glove hanging from a gutter on a storage shed in the area, and retrieved a hammer and screwdriver from another roof. An FBI tool marks identification specialist testified that the retrieved hammer had caused scratches on the hasp lock on the door to the tavern. Defendant did not testify in his own behalf.

At the sentencing hearing, on October 14, 1975, defense counsel requested that the trial judge not take into consideration in sentencing, matters relating to a 1971 burglary, in which the trial judge had acted as counsel for defendant. The following discussion took place at the sentencing hearing:

"The Court: Is there any matter that you wish to contest?

Mr. Walker: The only matters, Your Honor, I would bring to the Court's attention are in his adult record certain matters under consideration where the 1969 burglary and a 1971 burglary in which this Judge, I believe acted as counsel for defendant and I would ask that these matters not be taken into consideration in sentencing since, obviously, there's somewhat of a conflict of interest in these particular matters.

Defendant: How about this?

The Court: This is the first time, Mr. Walker, that you've made any objection; is that correct, the fact that I was counsel for the defendant at one time?

Mr. Walker: I believe, actually, it was brought to your attention by the defendant himself, I believe, in the morning prior to trial in chambers just preceding entry into the Court room. I don't believe there's anything actually in the record.

The Court: But did you file a motion for substitution?

Mr. Walker: I did not file a motion for substitution. The defendant now informs me that he requested I file a motion for substitution. I do not recall that request. I recall the request for continuance based upon the inadequate time for preparation. It's my recollection that the defendant himself brought it to the Court's attention about these particular matters. I only bring it up now as a matter of conflict of interest in the matters in the criminal record that is now before the Court in this consideration.

The Court: Well, I think in this situation at this late a time that I can't honor your request in this matter and I must go by the

presentence report. If you have any matters that you wish to contest in this presentence report, I would be willing to hear them at this time."

Following this exchange, the trial court denied defendant's motion for probation. The trial court then stated that, in view of the defendant's recidivist trend, an "enhanced penalty" was in order for the defendant. Defendant was sentenced to a term of not less than 2 nor more than 6 years in the penitentiary.

We agree that in accordance with Supreme Court Rule 61 (Ill. Rev. Stat. 1975, ch. 110A, par. 61), "[a] judge's official conduct should be free from impropriety and the appearance of impropriety." Also, in Supreme Court Rule 67 (Ill. Rev. Stat. 1975, ch. 110A, par. 67), a judge should disqualify himself for conflicts of interest in situations therein described. Apparently, the only such limitation which is relevant to our consideration is that a judge "shall not participate in any case in which he has previously acted as counsel." The trial court has not previously participated as counsel in the instant case.

■■ Our court has given consideration to a parallel situation in *People v. Van Pelt* (3d Dist. 1974), 18 Ill. App. 3d 1087, 311 N.E.2d 184, where this court considered the contention that a trial court had erred in not disqualifying himself when, after a jury had been selected, he received an oral communication from defense counsel that he, the judge, had previously, while serving as State's Attorney, prosecuted the defendant in a criminal action. As we stated at that time, in the *Van Pelt* case (at page 1089):

"The Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 114—5(c)) provides that 'any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion.' The change of venue statute, while liberally construed, cannot be read so as to contravene its express provisions and the applicants are held to the statutory requirements. A defendant must show cause and his motion for change of venue must be supported by affidavit. (*People v. Tucker*, 3 Ill. App. 3d 273, 278 N.E.2d 141.) While the defendant in the instant case may well have had the requisite cause to support a motion for change of venue, he failed to comply with the statutes in that his motion was made orally and there was a failure to support it by affidavit which is a specific requirement."

We also stated in the *Van Pelt* case, with respect to Supreme Court Rule 67 (at page 1090), that:

"This rule provides that a judge shall not participate in any case in

which he had previously acted as counsel. In the instant case the trial judge had not previously acted as counsel *in the case before him* and therefore no violation of the rule had occurred." (Emphasis in the *Van Pelt* opinion.)

■■ With respect to the present case, the determination is controlled by the decision in the *Van Pelt* case. While the defendant in the instant case may have had cause to support a motion for substitution of judges, no such motion was made and we find no basis for a rule that a trial court should be required, *sua sponte*, to recuse himself in the current proceedings. Approximately 4 years had elapsed since defendant's 1971 burglary conviction and the judge apparently had no contact with the defendant since that time. The judge had not represented the defendant in any proceeding which in any way related to the instant attempted burglary charge. Though defense counsel asserted that defendant had approached the judge before trial to tell him of the prior representation, defendant took no action to obtain a substitution of judges. Nothing was included in the post-trial motion with respect to this issue. It is clear, also, from the record that defendant can show no prejudice by the conduct of the trial judge. The cause was tried before a jury which found defendant guilty. The sentence which was imposed upon defendant was clearly justified by the record of defendant in the presentence report.

For the reasons stated, therefore, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.