CHARLOTTE DING, Plaintiff-Appellant, *v.* JOHN KRAEMER *et al.,* Defendants-Appellees.

First District (2nd Division)　No. 77-1042

Opinion filed May 2, 1978.

Pauker & Griffith, of Chicago, for appellant.

Carl J. Cipolla, of Baskin, Server & Berke, of Chicago, for appellees.

Mr. JUSTICE BROWN delivered the opinion of the court:

The plaintiff, Charlotte Ding, appeals from the entry of summary judgment by the circuit court of Cook County for the defendants, John and Magdalena Kraemer. Suit had been filed for injuries sustained by plaintiff arising from an explosion and fire in her apartment. Plaintiff

contends that the circuit court erred by (1) ignoring a City of Chicago stove ordinance, (2) by failing to decide that the building was a "multiple dwelling" and therefore subject to certain additional ordinances, and (3) by concluding that notice to a lessor is required in order for him to be subject to an ordinance.

The facts revealed that Charlotte Ding, a 75-year-old woman, had been a tenant under an oral month-to-month tenancy, renting one of two second-floor apartments from the defendants since 1968. On February 22, 1975, a gas explosion occurred in plaintiff's apartment causing her hospitalization with burns, and damage to her personal property. In her complaint, plaintiff alleged that defendants were guilty of one or more of the following negligent acts or omissions:

> (a) maintained a stove which failed to comply with Chicago City Ordinance 80—5, 80—6, 80—7, requiring that a stove such as that in the demised premises be placed on noncombustible supports providing a clearance of not less than four inches between the floor and the bottom of the appliance open on at least three sides;
> (b) failed to exercise due care in the maintenance of the building to prevent injuries by fire to the tenants;
> (c) failed to comply with Chicago City Ordinance 52—2 requiring fire resistant wall, floor, ceiling, and door construction;
> (d) failed to comply with Chicago City Ordinance 67—18.1 to 67—18.65 requiring illuminated stairway, directional, and exit signs;
> (e) failed to act to stop the leak of natural gas from plaintiff's leased stove or the pipes leading to it.

Defendants filed an answer which denied each of the alleged negligent acts. The depositions of the parties were taken. Defendants filed a motion for summary judgment and plaintiff replied thereto. After hearing arguments of the parties, the trial court granted defendants' motion for summary judgment and dismissed the case. Plaintiff contends that summary judgment was improperly entered. We disagree.

■■■ To be entitled to a motion for summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) the defendant must prove that there "is no genuine issue as to any material fact." If there are no facts in dispute, inferences may be drawn from the undisputed facts to determine if the defendant is entitled to judgment as a matter of law. If no fair-minded person could draw different inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted. *Peltz v. Chicago Transit Authority* (1st Dist. 1975), 31 Ill. App. 3d 948, 335 N.E.2d 74; *Southland Corp. v. Village of Hoffman Estates* (1st Dist. 1970), 130 Ill. App. 2d 311, 264 N.E.2d 451.

In her deposition, plaintiff stated that when she arrived home about 2 p.m., she noticed an odor which she could not definitely identify. She had

noticed this odor many times in the past and believed that either her neighbor or one of the defendants was cooking something. Plaintiff testified she opened her kitchen window for 20 to 30 minutes. She then decided to fix herself something to eat, but noticed that the pilot light on her stove was out. The explosion occurred when she struck a match to relight the pilot.

Plaintiff also testified that she had used the stove that morning to make coffee, and that she had never before attempted to light the pilot on the stove as it had always operated properly. She also stated that in the fall of 1974, she had complained to the Kraemers that she smelled something in her apartment, but they had taken no action.

■■ We have examined the Chicago stove ordinance (Municipal Code of Chicago, sec. 80—5) and it is our opinion that it is a public safety measure. The violation of a public safety statute is prima facie evidence of negligence and creates a cause of action if it is the proximate cause of the subsequent injury. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) Plaintiff argues that the purpose of this ordinance is to provide adequate ventilation and to prevent the accumulation of gas which could cause an explosion, and that plaintiff is clearly within the class of persons designed to be benefitted and protected by this ordinance.

The ordinance provides that: "Every heat producing appliance, the exposed bottom surface of which cannot obtain a temperature of more than three hundred degrees Fahrenheit, shall be placed on

> (a) Foundation on soil;
> (b) A standard furnace foundation as provided in section 80—8;
> (c) A non-combustible floor; or
> (d) Non-combustible supports providing a clearance of not less than four inches between the floor and the bottom of the appliance open on at least three sides." Municipal Code of Chicago, sec. 80—5.

■■ The provisions of (a), (b) and (c) are not consistent with plaintiff's position that the purpose of the ordinance is to prevent the accumulation of gas. Clearly, the ordinance is intended to prevent heat from the stove from coming in contact with combustible surfaces, thereby preventing fires, not explosions. It cannot be said that a gas explosion is a reasonably foreseeable result of the violation of this ordinance, and therefore, the violation of the ordinance was not the proximate cause of plaintiff's injury. *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.

Plaintiff's next contention is that the trial court erred by failing to decide whether this building was a multiple dwelling and therefore subject to certain ordinances dealing with the fire resistant building materials and proper illumination (Municipal Code of Chicago, sec. 52—2 and secs. 67—18.1 to 67—18.65). Although the record supports the plaintiff to the

extent the trial court did not make this finding, we agree with the trial court that it makes no difference whether the building was a single-family dwelling or a multiple-family dwelling. The purposes of these ordinances, as well as that of the stove ordinance, were to prevent fires and to lessen the potential damages should a fire occur.

■■ The undisputed facts in this case were that the plaintiff was injured by an explosion and fire that followed her striking a match to relight the pilot on her stove. Assuming, *arguendo*, that all of the alleged ordinance violations actually existed, it cannot be said that the condition of plaintiff's apartment was the proximate cause of her injury. If anything, the existence of these ordinance violations may have enhanced the spread of the fire after the explosion, but this is only speculation and is not supported by the record. There is no evidence that plaintiff had any difficulty leaving her apartment after the explosion, or that her injuries were aggravated because the walls of the building were not sufficiently fire resistant. Furthermore, it is a well-settled rule of causation that if the negligence does nothing more than furnish a condition by which the injury is made possible and that condition causes any injury by the subsequent act of a third person, the existence of the condition is not the proximate cause of the injury. *Watson v. Byerly Aviation, Inc.* (3d Dist. 1972), 7 Ill. App. 3d 662, 288 N.E.2d 233.

In light of our ruling that the alleged ordinance violations were not the proximate cause of plaintiff's injury, the issue as to whether or not defendants-lessors were required to have notice of those violations in order for defendants to be subject to them is irrelevant, and need not be determined.

For the reasons stated, the judgment of the circuit court of Cook County granting defendants' motion for summary judgment is affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.