(No. 77-CC-0411—

Francis Sitowski, Administrator of the Estate of Thomas J. Sitowski, Deceased, Claimant, *v.* The State of Illinois, Illinois Department of Children and Family Services, and William T. Coughlin, Respondents.

*Order filed April 14, 1980.*

*Order on denial of rehearing filed August 1, 1980.*

Patrick Mahoney and Associates, P.C., for Claimant.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss and objections to said motion by Claimant. This matter having been heard on oral argument and the Court being fully advised in the premises, finds:

That Respondent's motion is based primarily upon the fact that the offense on which this action is predicated was committed by a member of the State of Illinois, Department of Children and Family Services. Respondent's motion sets forth that the act committed by the State employee was a criminal act and not in the furtherance of any of his duties with the State of Illinois, and that on the day the act was committed, the employee had called in sick and was not actually on duty at the time the act occurred.

Respondent makes further objections on the ground that Claimant has not exhausted his remedies as he has not filed suit, except in the Court of Claims, against the individual who committed the act complained of. Claimant filed suit in the Court of Claims attempting to join the State of Illinois and the State employee in one action. Respondent also bases its motion to dismiss on the failure of claimant to comply with the provisions of Rules 5, 6, 7 and 8 of the Court of Claims.

Thomas J. Sitowski was fatally wounded on March 9, 1976, by one William T. Coughlin, an employee of the State of Illinois Department of Children and Family Services. He had been one of the State's employees

assigned to handle the case of Tami Sitowski, daughter of the deceased, and there had been difficulties between the deceased and the employee of the State.

It is the opinion of this Court that it is the law of the State of Illinois that legal official acts of State officers are in effect acts of State itself, illegal acts performed by officers are not, and when a State officer performs illegally or purports to act under an unconstitutional act or under authority which he does not have, a suit may be maintained against the officer and is not an action against State. *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975, opinion handed down by Justice Ryan. In the case of *Gambling v. Cornish, et al,* 426 F. Supp. 1153 (1977), it was held that when certain police officers of the City of Chicago committed torts against the Claimant, the officers were not acting within the scope of their employment.

The Court further finds that by filing suit against the officer involved in the fatal shooting in the Court of Claims rather than in a civil court of the State of Illinois, Claimant has not exhausted its remedies as required by the Statutes of the State of Illinois.

It is the opinion of this Court that at the time the shooting occurred, the State employee was not acting within the scope of his employment and the State, therefore, is not responsible for said act.

It is hereby ordered:

That this case be, and the same is dismissed.

ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

This matter coming on to be heard upon the motion

of Respondent to strike Claimant's petition for rehearing, and it appearing to the court that Claimant has received due notice of said motion, and the court being fully advised in the premises; finds:

1. That the petition for rehearing herein is defective in that it was not filed within thirty (30) days of entry of the order of April 14, 1980, which order dismissed the claim herein.

2. That the Claimant has presented no new matter to the court for its consideration and has failed to show the court that it misapprehended or failed to apply the law properly.

3. That the Claimant failed to comply with Section 25 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.24—5), in that she did not seek a remedy against William Coughlin.

4. It is hereby ordered that the Claimant's petition be and the same is hereby denied.