(No. 80-CC-0134— )

BEST SECURITY SERVICE, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 13, 1982.*

COLLENS, WRIGHT, SAMUELS & KENNEDY, for Claimant.

TYRONE C. FAHNER, Attorney General (JAMES M. HOFERT, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause coming on to be heard on the motion of Respondent to dismiss, the response thereto filed by

Claimant, and Respondent's motion to strike that response, it appearing to the Court that due notice has been given, and the Court being fully advised in the premises;

On July 6, 1980, by order of this Court, the complaint was dismissed on motion of Respondent and Claimant was granted 60 days within which to file an amended complaint. On October 28, 1980, by order of this Court, Claimant's first amended complaint was filed *instanter* upon Claimant's motion. It is that second complaint which is the subject of the motions and objections now before us.

Claimant's amended complaint contains four counts alleging the following: that Robert Divito, an employee of Respondent, negligently, or in the alternative, wilfully and wantonly, solicited bids and entered into a contract for police and security force services, in violation of section 53 of the Civil Administrative Code and section 63b101 *et seq.* of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, pars. 53.7, 63b101 *et seq.*); that Robert Divito, an employee of Respondent falsely and negligently, or in the alternative, falsely and intentionally, misrepresented his authority to enter into a contract for police and security force services, and then executed the contract in violation of the aforementioned statutes.

Claimant brings this action as a result of a decision by the seventh judicial circuit, Sangamon County, Illinois, entitled *Illinois State Employees Association v. Robert Divito*, No. 802-78, wherein the court held:

"1. Plaintiff's Motion for Summary Judgment is allowed.

2. Defendant's Motion for Summary Judgment is denied.

3. The contracting out of the services that gave rise to this matter is in violation of the State Purchasing Act, Ch. 127, §132.6, and 132.9a Ill.Rev.Stat. 1977, §53.7 of the Civil Administrative Code, Ch. 127, §53.7 Ill.Rev.Stat. 1977 and the defendants are without authority to contract out those services.

4. The Defendants and their deputies, agents, servants, and employees and successors in office be and they are hereby restrained from laying off certified security officers who are currently employed at the Tinley Park Mental Health Center and from contracting out the security function at the Tinley Park Mental Health Center to a private agency."

Respondent moved to dismiss based on its contention that, as a matter of law, where a State officer acts in violation of a State statute, his conduct is not to be regarded as the conduct of the State nor is any action against him to be considered an action against the State, and therefore Claimant cannot state a cause of action against Respondent, citing *Sass v. Kramer* (1978), 72 Ill. 2d 485, 301 N.E.2d 975; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 101 N.E.2d 71; and *Estate of Sitowski v. State* (1980), 34 Ill. Ct. Cl. 87.

Basically, Claimant takes the position in its response to the motion to dismiss that Respondent's position is not the law in this State and cites two instances where awards were made by this Court in cases involving State employees' negligent conduct in violation of a statute: *Proulx v. State* (1973), 28 Ill. Ct. Cl. 214, and *Womble v. State* (1971), 27 Ill. Ct. Cl. 150.

*Sass v. Kramer, supra*, was a case involving the issue of whether or not the State of Illinois was a defendant in the case where a State officer was a named defendant in his official capacity and the State was the real party in interest. The supreme court drew the following distinction:

"While legal official acts of State officers are in effect acts of the State itself, illegal acts performed by the officers are not, and when a State officer performs illegally or purports to act under an unconstitutional act or under authority which he does not have, a suit may be maintained against the officer and is not an action against the State of Illinois." *Supra*, at 492.

In that case the Claimant had filed a two-count complaint asking first that the cloud on his title to a certain tract of land be removed and that title be quieted in him, and

secondly, that he be put in possession of the property. A bill had been signed into law providing for the release of the State's interest in the land to him upon payment of the fair appraised value of that interest. He contended that the act was unconstitutional and that the State officer's refusal to convey him title because he would not pay the appraisal price authorized maintenance of the action against the officer. The Court found that the gravamen of the plaintiff's complaint was his contention that title to the property was in him by virtue of the State's abandonment of its interests in the property. Therefore, the Court concluded that it was necessary for him to prove, and a court to find, that the property interest had in fact been abandoned or vacated by the State before the alleged unconstitutional provision of the act could constitute a cloud on the title and before he would be entitled to possession. The real parties in interest were the People of the State of Illinois, title to whose property was at stake. Thus the Court found that the action could not be maintained in any court except as provided in the Court of Claims Act.

Essentially, the State officer was not a proper defendant in the constitutional courts until it was determined that he was performing illegally or purporting to act under an unconstitutional act and the act in question was not as of then properly found to have been unconstitutional because the circuit court which had done so had to make findings on issues over which it did not have jurisdiction.

In the case at bar Claimant seeks to hold Respondent liable in negligence for certain actions culminating in a contract which a circuit court found to have been in violation of the Purchasing Act and Civil Administrative Code and restrained them from performing the contract.

It is essentially the *Sass* case, *supra*, in reverse. In the instant case, however, there has been a finding in a court that the State officer was purporting to act under authority he did not have. See item No. 3 of the decree quoted above. Therefore the action is not against the State of Illinois. That Claimant was not made a party to the circuit court action does not change the issue here.

*Proulx v. State, supra,* and *Womble v. State, supra,* were cited by Claimant in its response to the motion to dismiss for the proposition that an action in the Court of Claims against the State is permissible on the basis of State employees' negligent conduct in violation of a statute, which is the basis of two of its four counts alleged in the complaint in the case at bar. In *Proulx*, the State was held liable in a negligence action where its employee ran a red light and injured plaintiff. In *Womble*, the State was held liable in a negligence action when it polluted drinking water of the Claimant.

Negligence is the breach of legal duty. It is immaterial whether the duty is one imposed by the rule of common law requiring the exercise of ordinary care not to injure another, or is imposed by a statute designed for the protection of persons encountering the risk. The only difference is that in the one case the measure of duty is to be determined by common law principles, while in the other the statute fixes it, so that the violation of the statute constitutes conclusive evidence of negligence, or in other words, negligence *per se*. All that the statute does is establish a fixed standard by which the fact of negligence may be determined. In both *Proulx* and *Womble, supra,* the statutes were used to establish a standard of care and the violation of those statutes indicated breach of that standard of care. In neither case did we hold that the State was responsible for acts of its

employees, outside the scope of their authority, and in violation of State statutes.

Our supreme court, in the leading case of *Davis v. Marathon Oil Co.* (1976, 64 Ill. 2d 380, stated that, "Illinois law is clear that 'the violation of a statute designed for the protection of human life and property is *prima facie* evidence of negligence. ' " (64 Ill. 2d 380, 390, citing *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 417, 170 N.E.2d 881, 886.) Also, in *Ney v. Yellow Cab* (1954), 2 Ill. 2d 74, 117 N.E.2d 74, the supreme court said that violation of a public safety statute is *prima facie* evidence of negligence. In accord see *Barthel v. Illinois Central Gulf Railroad Co.* (1978), 74 Ill. 2d 213; *Lynch v. Board of Education of Collinsville* (1980), 82 Ill. 2d 45; *Mooney v. Etheridge* (1978), 65 Ill. App. 3d 847; *Ding v. Kramer* (1978), 59 Ill. App. 3d 1042.

The statutes involved in *Proulx* and *Womble, supra,* were designed for the protection of human life and property. The State Purchasing Act and the Civil Administrative Code, the statutes involved in the case at bar, are not those types of statutes. The State Purchasing Act was designed to protect the public coffers. Its stated purpose and the policy of the State was that the principle of competitive bidding and economical procurement practices shall be applicable to all purchases and contracts by and for a State agency. (Ill. Rev. Stat. 1979, ch. 127, par. 132.2.) The Civil Administrative Code was designed to maintain the orderly and functional administration of government. The particular section of the statute which was found to have been violated by the circuit court was Ill. Rev. Stat. 1979, ch. 127, par. 53.7. While this section ostensibly relates to public safety in that it authorizes the director of the Department of Mental Health and Developmental Disabilities to appoint

persons to be members of a police and security force for the protection of Department properties, and interests in its personnel, etc., the specific violation of that statute was that the procurement of the members of the security force was by contract with a private entity and not in accordance with the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b101 *et seq.*). The stated purpose of the Personnel Code is to establish for the government of the State of Illinois a system of personnel administration based on merit principles and scientific methods. Clearly these are not the types of statutes from which a standard of due care can be ascertained.

It is hereby ordered that Respondent's motion to dismiss be, and hereby is, granted and this cause is dismissed.