LEILA PHARR, Adm'r of the Estate of Bessie Levy, Deceased, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (1st Division) No. 83—100

Opinion filed March 30, 1984.

Ronald Kirk Goulding and Victor H. Goulding, both of Chicago, for appellant.

Edmund J. Burke, Gary W. Bozick, and Kenneth E. Garstka, all of Hoffman, Burke & Bozick, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Leila Pharr appeals from orders directing a verdict in favor of defendant Chicago Transit Authority and denying her motion for a new trial. On appeal, plaintiff contends (1) the evidence presented questions of fact which precluded the entry of the directed verdict; (2) the trial court erred in denying plaintiff's motion for substitution of judges; and (3) the trial court erred in denying plaintiff's motion to reopen her case to call another eyewitness.

We reverse and remand.

On January 18, 1977, plaintiff Leila Pharr, administrator of the estate of Bessie Levy, filed a wrongful death action against defendant Chicago Transit Authority (C.T.A.). The complaint alleged that defendant negligently discharged its duty to plaintiff's decedent, a passenger, in that it caused her to fall while alighting from a bus, thereby causing injuries resulting in death. The incident occurred on January 22, 1976, at about 1 p.m.

Plaintiff's witness Arnold Bell witnessed the occurrence. He testified that while he was walking from the south to the north side of Marquette Road, a C.T.A. bus traveling westbound on Marquette passed him. The bus stopped at the northwest corner of Hamilton and Marquette. The corner was not a designated bus stop. As Bell reached the north side of Marquette, he observed a young boy exiting the rear door of the bus. Plaintiff's decedent then began alighting. She had one foot on the pavement and the other on the bus step when the bus began to move forward. Decedent was thrown to the ground. The bus proceeded west on Marquette. The pavement where the passengers alighted was dry.

On cross-examination, Bell testified he could not see the rear doors of the bus when it stopped. The first time he told anyone of the manner in which decedent fell was in May 1981, when he spoke to plaintiff's attorney. The day after the accident, he was contacted by a Chicago police officer, but did not tell the officer that the bus began to move before the decedent alighted. He further testified that he did not know what caused the woman to fall. Bell's deposition was admitted into evidence. In his deposition, Bell also stated he did not know the cause of decedent's fall.

Officer James Carlos investigated the accident. He testified that he was unable to talk to the deceased because of her injuries. Bloodstains on the road were three feet seven inches from the curb on Marquette Road. He also spoke with a C.T.A. supervisor who identified the bus which was in the area at the time the accident occurred. The corner on which the accident happened was not a designated bus stop.

On cross-examination, Carlos testified he spoke with Arnold Bell the day after the accident and included Bell's statement in his report. Bell told him that as the bus drove away from the corner, he saw a person lying on the pavement and a youth standing nearby. If Bell had said the woman fell as she was getting off the bus, Carlos would have put that in his report. On redirect examination, Carlos stated he never spoke with Bell again. Bell never stated that he did not see the deceased fall. Bell was never asked to provide a written statement.

At the close of plaintiff's case, the trial court granted defendant's motion for a directed verdict. The trial court based its ruling on Bell's demeanor, plaintiff's lack of evidence that the C.T.A. was involved, and the conflict between Bell's trial testimony and his statements made to police and during his deposition.

After judgment on the directed verdict was entered, plaintiff filed a motion for substitution of judges based on the trial judge's previous position as an attorney for the C.T.A. Plaintiff also filed a motion for a new trial. Both motions were denied.

■■ ■ On appeal, plaintiff first contends the trial court erred in granting the motion for a directed verdict. She maintains that Bell's testimony evidenced a breach of duty by defendant, that the breach of duty caused decedent's injury, and at the very least, the evidence presented a question which could not be decided on a motion for a directed verdict.

Plaintiff alleged in the complaint that defendant negligently operated the bus, failed to keep a sufficient lookout and ascertain whether plaintiff's decedent had reached a place of safety and moved the bus as decedent was alighting. Indeed, a common carrier must exercise the highest degree of care to its passengers, and the passenger-carrier relationship does not terminate until the passenger has had a reasonable opportunity to reach a place of safety. (*Loring v. Yellow Cab Co.* (1975), 33 Ill. App. 3d 154, 337 N.E.2d 428.) Bell's testimony regarding the events preceding decedent's fall would possibly establish a breach of defendant's duty to its passenger. If believed by the jury, the evidence would show that the deceased had not reached a place of safety when the bus began to move. Defendant has argued that Bell's testimony was inconsistent and was in fact contradicted by Officer Carlos. Also, the trial court based its ruling in part on these factors. However, it is the function of the jury to weigh the contradictory evidence and to judge the credibility of witnesses. (*Lode v. Mercanio* (1979), 77 Ill. App. 3d 150, 395 N.E.2d 1014.) Such matters may not be decided on a motion for a directed verdict. *Frisch Contracting Service Corp. v. Northern Illinois Gas Co.* (1981), 93 Ill. App. 3d 799,

417 N.E.2d 1070.

■ Plaintiff also alleged that defendant violated certain State and municipal laws. Specifically, she alleged violations of section 11—803 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—803) and Chicago, Ill., Municipal Code sec. 27—260 (1983), which provide, in part, that no person shall move the stopped vehicle until such movement can be made with reasonable safety. She also alleged a violation of section 27—276(b) of the municipal code (Chicago, Ill. Municipal Code sec. 27—276(b) (1983)), which prohibits the driver of the bus to unload passengers in any area other than the designated bus stop. Plaintiff presented evidence that defendant violated each of these laws. A violation of the statute or ordinance designed for protection of the public is *prima facie* evidence of negligence, and the plaintiff may recover if he shows the violation is the proximate cause of the injury. Proximate cause is a factual issue to be decided by the jury where reasonable men might arrive at a different conclusion. (*Greene v. City of Chicago* (1976), 48 Ill. App. 3d 502, 363 N.E.2d 378.) In view of the evidence presented here, we find the matter should have been resolved by the jury.

■ A motion for a directed verdict should be granted only when all the evidence, viewed most favorable to the nonmovant, so overwhelmingly favors the movant that no other verdict could properly stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) We conclude that there was sufficient evidence of negligence to prevent the entry of a directed verdict.

■ Second, plaintiff contends the trial judge should have recused himself or granted the motion for substitution of judges made after judgment was entered. She maintains recusal or substitution was warranted because the judge formerly represented the C.T.A. in various actions.

In *People v. Sangster* (1976), 43 Ill. App. 3d 937, 360 N.E.2d 783, it was held that a trial judge was not required to recuse himself even though he had previously represented defendant in another case. The court held that neither Supreme Court Rule 61(c)(4) (87 Ill. 2d R. 61(c)(4)), requiring conduct free from the appearance of impropriety, nor Supreme Court Rule 67 (87 Ill. 2d R. 67), requiring disqualification for conflicts of interest, was violated because the judge had not represented defendant in any proceeding related to that over which he presided. In the case at bar, there were no allegations that the trial judge participated in proceedings related to this case, and thus recusal and substitution were not warranted in this case.

Because of our decision, we need not address the final issue raised

by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Judgment reversed; cause remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.