SHARON SALINAS, As Special Adm'x of the Estate of Eugene Busolo, Deceased, Plaintiff-Appellant, v. DONALD L. WERTON, Defendant (Demetrios S. Tsoraidis, Indiv. and d/b/a Jim's Texaco Service, Defendant-Appellee).

First District (1st Division) No. 86—1312

Opinion filed August 17, 1987.—Rehearing denied October 23, 1987.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring, Leslie J. Rosen, and Margaret A. McGuire, of counsel), for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Daniel K. Cray, and Lloyd E. Williams, Jr., of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Sharon Salinas, as special administratrix of the estate of Eugene Busolo, deceased, brought an action in the circuit court of Cook County against Donald Werton and against Demetrios Tsoraidis, individually and doing business as Jim's Texaco Service, pursuant to the Illinois Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 1 *et seq.*). Service was obtained on both defendants.[1] Defendant Tsoraidis moved for summary judgment on the issues of duty and proximate causation and the trial court granted summary judgment in his favor. Plaintiff appeals, contending that the trial court erred in granting summary judgment since a genuine issue of material fact exists as to whether Tsoraidis breached a duty to plaintiff's intestate, and whether his violation of the Illinois Vehicle Code constitutes *prima facie* evidence of negligence.

We affirm the decision of the trial court.

The facts which give rise to this appeal are as follows. On April 11, 1981, at approximately 5:15 p.m., the defendant, Demetrios Tso-

---

[1]Donald Werton was served through the Secretary of State pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301), which provides for service of nonresident motorists, but has failed to appear in this action and is not a party to this appeal.

raidis, and plaintiff's decedent, Eugene Busolo, were eating at a restaurant across the street from Tsoraidis' service station. A man entered the restaurant and asked Tsoraidis if he would assist a woman with a baby whose car had gone into a ditch on southbound Interstate 94 near the point where the Calumet Expressway meets the Kingery Expressway. Tsoraidis agreed to provide assistance and asked Busolo to remain at the restaurant. He instructed an employee, Grant Zander, to assist him. As the two men were leaving the garage, Busolo knocked on the window of the truck and informed them that he was going with them.

When they reached the disabled vehicle, the defendant positioned the tow truck on the shoulder of the road, approximately 12 feet south of where the vehicle was in the ditch. All of the lights on the tow truck were in operation, including the yellow Mars lights, the four-way flashers, the headlights and the taillights. It was daylight at the time of the towing operation but the sky was overcast from a recent rain and the road was wet.

The three men alighted from the truck and defendant engaged the truck's winch while Zander pulled the tow cable toward the disabled car. Busolo stood directly west of Tsoraidis at the back of the tow truck, approximately seven feet off the travel lanes, watching the operation.

The driver of the disabled car asked Tsoraidis if she and her baby could wait inside the tow truck. Tsoraidis responded that he did not feel safe having someone in the tow truck, especially on an expressway, and asked her to wait on the hill until the car was towed out of the ditch.

While Tsoraidis was watching Zander, Busolo shouted, "Jimmy, watch out." A van driven by Donald Werton left the road and struck both Tsoraidis and Busolo. Neither Zander nor Tsoraidis saw the van before impact. Eugene Busolo died from the injuries sustained in the collision.

Plaintiff brought an action against Demetrios Tsoraidis, individually and doing business as Jim's Texaco Service, pursuant to the Illinois Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 1 *et seq.*), alleging that Tsoraidis had a duty to place flares or other warning devices on the roadside 100 feet from the towing operation, and that his failure to do so was a proximate cause of Eugene Busolo's injuries. Plaintiff relies on the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 1 *et seq.*) and the opinion of Lester Kolom, an industrial and safety engineer, to establish this duty. Mr. Kolom opines that had Tsoraidis placed the flares on the roadside, the

driver of the van would have been warned of the towing operation, would have slowed down, and the accident could have been avoided.

Defendant Tsoraidis moved for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005), contending that he had no duty to place flares on the roadside and that any alleged breach of duty was not the proximate cause of Busolo's injuries. The motion was supported by the depositions of Demetrios Tsoraidis, Grant Zander and plaintiff's expert, Lester Kolom. The trial court granted summary judgment in favor of the defendant.

■■ ■ Summary judgment should only be granted when, in considering affidavits, depositions, admissions, exhibits and pleadings on file, and construing them strictly against the movant and in favor of the opponent, there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Where the evidence before the court in a motion for summary judgment shows that at trial a verdict would have to be directed, summary judgment is proper. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497.) Facts, not conclusions, must be presented, and the judge may not draw fact inferences. (*Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 437, 344 N.E.2d 29.) Where reasonable men could draw different inferences from the facts presented, questions cannot be determined as a matter of law. *Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 986, 360 N.E.2d 440.

On appeal, plaintiff contends that it was error to grant summary judgment in favor of the defendant because Lester Kolom's opinion that Tsoraidis should have placed flares on the roadside raised material questions of fact as to whether Tsoraidis breached his duty of care to Eugene Busolo. Defendant argues that the opinion rendered by Lester Kolom does not preclude summary judgment because it was based on speculation and conjecture as to what caused the van to leave the road and does not establish that any alleged breach of duty on his part caused the decedent's injuries.

■■ In order to prevail on a claim based on common law negligence, a plaintiff must show the existence of a duty owed by the defendant to the decedent, a breach of that duty, and an injury proximately caused by the breach. (*Holbrook v. Peric* (1984), 129 Ill. App. 3d 996, 999, 473 N.E.2d 531.) Liability cannot be predicated upon surmise or conjecture as to the cause of the injury. Proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury. (*Kimbrough v. Jewel*

*Cos.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328.) When the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a *prima facie* case and a directed verdict is proper. (*Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 168, 480 N.E.2d 167.) Although a plaintiff may rely on reasonable inferences which may be drawn from the facts considered on a motion for summary judgment, an inference cannot be established on mere speculation, guess or conjecture. *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 924-25, 489 N.E.2d 409.

■ In the present case, the inference plaintiff seeks to establish is that the defendant's failure to place flares on the roadside prevented the driver of the van from reducing his speed, thereby causing him to leave the road and strike Eugene Busolo. This inference finds no support in the record. Mr. Kolom admits that in formulating his opinion he did not consider any information regarding the speed of the van. He did not know whether the speed of the van had increased, decreased or remained constant. Any inference that the van left the road because it could not slow down due to inadequate warning is based on pure speculation. It is possible that the driver of the van saw the flashing lights on the tow truck and slowed down, but nonetheless lost control of his van. It is also possible that the van left the road for reasons wholly unrelated to the presence of the tow truck. The circumstances must justify an inference of probability as distinguished from mere possibility. (*Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 33, 468 N.E.2d 422.) To submit this question to a jury would require them to make a determination of liability based upon impermissible inferences.

■ Plaintiff maintains that the question of proximate cause is a question of fact for the jury and that it was error for the court to decide this issue. Normally the question of proximate cause is a question of fact; however, it becomes a question of law when the material facts are undisputed and there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 318, 45 N.E.2d 665; *Holbrook v. Peric* (1984), 129 Ill. App. 3d 996, 1000, 473 N.E.2d 531.) There is no dispute as to any material facts in the present case. The record is devoid of any evidence as to why the van left the road, and we find nothing in the record from which it could be inferred that any alleged breach of duty by the defendant Tsoraidis was a proximate cause of Busolo's injuries. Plaintiff has failed to establish a causal connection between the tow truck's al-

leged failure to provide additional warnings and the injuries sustained by plaintiff's decedent. Therefore, summary judgment was proper.

Plaintiff further contends that the defendant's violation of section 12—702 of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 12—702) is *prima facie* evidence of negligence, thus precluding summary judgment as a matter of law. Section 12—702 provides:

Sec. 12—702. "Certain vehicles to carry flares or other warning devices.

(a) No person shall operate any motor vehicle of the second division or any motor vehicle towing a house trailer upon any highway outside an urban district at any time unless there is carried in such vehicle the following equipment, except as provided in paragraph (b) of this Section:

1. At least 3 liquid burning flares, or 3 red electric lanterns or 3 portable red emergency reflectors, each of which is capable of being seen and distinguished at a distance of not less than 500 feet when lighted lamps are required, provided that emergency reflectors meeting the requirements of Federal Motor Vehicle Safety Standard No. 125 shall be deemed acceptable as regards visibility and color; and

2. At least 3 red-burning 15-minute fusees unless red electric lanterns or portable red emergency reflectors are carried; and

3. At least 2 red-cloth flags, not less than 12 inches square, with standards to support flags or in lieu thereof, 2 portable emergency reflectors meeting the requirements of Federal Motor Vehicle Safety Standard No. 125.

* * *

(e) Whenever any vehicle of a type referred to in this Section is disabled upon any roadway or shoulder of a divided highway during the time that lighted lamps are required, the appropriate warning devices prescribed in paragraph (a)(1) and (2) of this Section shall be placed as follows:

One at a distance of approximately 200 feet from the vehicle in the center of the lane or shoulder occupied by the stopped vehicle and in the direction of traffic approaching in that lane; and

One at a distance of approximately 100 feet from the vehicle in the center of the lane or shoulder occupied by the vehicle and in the direction of traffic approaching in that lane;

and

One at the traffic side of the vehicle and approximately 10 feet from the vehicle in the direction of the nearest approaching traffic."

■ Tsoraidis admits that at the time of the accident his tow truck was not equipped with the flares and reflectors required by the statute. He further admits that he did not display any flares or emergency reflectors at the time of the accident but maintains that he was under no duty to do so because the statute requires that this equipment be displayed when a vehicle is "disabled" and at the time of the accident his tow truck was not "disabled." Plaintiff argues that because the truck was stopped, it was "disabled" for purposes of the statute. We disagree. The defendant was not the driver or operator of a disabled vehicle, but rather the operator of the tow truck aiding the disabled vehicle, and it is not the intent of the statute to impose this particular duty upon an operator of a wrecker who is involved in the towing of a disabled vehicle. See *Nunley v. Mares* (1983), 114 Ill. App. 3d 779, 787, 449 N.E.2d 864.

■ Admittedly, the defendant violated the statute by not carrying flares or reflectors. But his failure to carry flares did not cause the injury; the injury occurred because a third party drove onto the shoulder of the road and struck Eugene Busolo. Since the defendant's violation is not proximately related to the injury suffered by plaintiff's decedent, it does not preclude summary judgment as a matter of law.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.