Shirley HUDSON, individually and as Conservator of the Estate of Robert C. Hudson, Conservatee, Plaintiffs,

v.

TWENTY–THREE EAST ADAMS STREET CORPORATION, an Illinois Corporation, Jay–N–Vee, Inc., an Illinois Corporation, James Gallios, K. Gallios, Peter C. Gallios, and First National Bank of Chicago, as Trustee under Trust Nos. 3540, 3541, 3542, 3543, 3544 and 3545, Defendants.

No. 88 C 3535.

United States District Court, N.D. Illinois, E.D.

Feb. 26, 1992.

Robert J. Glenn, Alice E. Dolan, Motherway & Glenn, P.C., Chicago, Ill., and Scott Righthand, Nikolai Tehin, Bostwick & Tehin, San Francisco, Cal., for plaintiffs.

James S. Stickles, Johnson Cusack & Bell, and Joseph J. O'Connell, Joseph P. Sorce, Hinshaw Culbertson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

On February 17, 1987, Robert Hudson traveled from California to Chicago to pursue business interests and to reunite with old friends and colleagues of his in the railroad business. Around 6:30 p.m. the following day, Robert joined his brother, Ralph Hudson, who incidentally resides in Lisle, Illinois, and several other acquaintances at a cocktail reception that was given in downtown Chicago at the Continental Club that was located on the corner of Van Buren and Wabash Streets. This was a business affair. It was a testimonial reception for a former colleague and business associate of Robert's brother, Ralph. Cocktails and hors d'oeuvres were served and the reception ended at about 8:30 p.m. Ralph and Robert then left the reception and proceeded a short distance over to the Wabash Inn with a group of the people who also had attended the reception. They all arrived at the Wabash Inn at about 9:00 p.m.

At approximately 10:30 p.m., Robert, who was in the lounge area of the Wabash Inn along with his brother and several of their business acquaintances, excused himself from the group to go to use the restroom. He asked someone where to go and was directed to an enclosed staircase that led down a flight of stairs to a restroom area. He walked alone toward the staircase.

Approximately five minutes later, Jerry Rooney, one of the other members of the group who had accompanied Ralph and

Robert Hudson to the Wabash Inn, also excused himself from the group to use the restroom. He proceeded to descend the stairway but immediately he rushed back up to tell Ralph that "something is wrong. Your brother is lying down there."

Ralph and others from the group immediately rushed to the stairs where they found Robert laying on the floor at the bottom of the stairs. He was lying unconscious on his back breathing very heavily. His feet were at the bottom of the stairs, one or more of them being on the bottom step.[1] At that time, there was no visible sign of injury, but once Ralph lifted Robert's head a small trickle of blood came from his nostril.

Robert was taken to Northwestern Memorial Hospital. He now is back in California where he remains in a nursing home. He has no memory of how he was injured. As a result of memory loss, he is unable to testify in this case on his own behalf, and it appears that there were no eye witnesses to the incident as it happened.

Robert's wife Shirley Hudson, filed the instant lawsuit against the owner and manager of the Wabash Inn, Jay–N–Vee Inc. ("Jay–N–Vee") as well as against the owner of the building, the First National Bank of Chicago ("Bank"). Shirley contends that Robert's injuries were the result of the negligence of the defendants in maintaining either the tile floor upon which Robert was found, or the staircase which lead from the restroom floor to the lounge level floor. She alleges that the tile floor was unreasonably slippery and inadequately maintained, while the stairway had inadequate handrails, improper lighting and was also inadequately maintained.

The defendant, Jay–N–Vee filed a motion for summary judgment in which the defendant Bank joined. These defendants assert that even if Mrs. Hudson could establish the inadequacy of the floor and/or the stairs, she would be unable to prove her case because there were no eye witnesses

nor is there any direct physical evidence linking some cause of the injury to any of these conditions.

In addition, the Bank filed a separate motion for summary judgment asserting that the lease that had been signed between it and Jay–N–Vee put Jay–N–Vee in charge of maintaining the property in a safe condition. As the mere owner of the property, the Bank asserts, it owes no duty to Robert and thus could not be held liable for his injury.

Thus in the instant memorandum opinion and order, the Court is called up to determine whether there is sufficient evidence of causation linking the condition of the staircase and the floor with the plaintiff's injury. If the Court answers the first inquiry in the affirmative, then the Court must determine whether the Bank along with the Wabash Inn may be held liable for Hudson's injuries.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgement is appropriate when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Griffin v. Thomas*, 929 F.2d 1210 (7th Cir.1991).

To overcome a motion for summary judgment, the party here opposing the motion may not rest on the mere allegations of the pleadings, but must set forth specific facts required to demonstrate that there is a genuine issue for trial. *Holmes v. Sheahan*, 930 F.2d 1196 (7th Cir.1991); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit at trial will

---

**1.** Though the position stated here of Robert's feet is the plaintiff's statement, the sworn statement of Jerry Rooney sets forth that he "believes" that one or two feet were on the bottom step. Ralph Hudson, the first to reach Robert testified that neither of Robert's feet were on the stairs. At any rate, for the purpose of the instant summary judgment motion, the Court will accept the plaintiff's contention of the location of Robert's feet as true.

properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985).

The moving party may or may not support the motion with affidavits or declarations. Whether or not declarations are submitted, Rule 56(c) mandates entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett.*[2]

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a [finder of fact] to return a verdict for that party.

*Id.* 477 U.S. at 249, 106 S.Ct. at 2511. To establish a genuine triable issue as to an element on which the non-moving party will bear a burden of proof at trial, the plaintiffs must come forward with affirmative evidence sufficient for a jury to return a verdict in their favor.

### DISCUSSION OF CAUSATION

■■■ In a diversity action, Federal District Courts sitting in Illinois look to Illinois law to resolve a conflict of law issue *Klaxon Company v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Illinois courts have adopted the Second Restatement Choice of Law approach. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970). The Second Restatement, or "most significant relationship" test considers place of injury in tort cases as being of presumptive importance. *DP Service, Inc., v. AM International, et al.*, 508 F.Supp. 162 (N.D.Ill.1981). Because the place of injury in this case is Chicago, Illinois, and plaintiffs' rights are based in tort law, this case must be governed by the substantive law of Illinois. *See Kirk v. Home Indem. Co.*,

431 F.2d 554, 559 (7th Cir.1970); 1 A Part 2 Moore's Federal Practice ¶ 0.305[3] (2d ed. 1990).

Under Illinois law, liability cannot be predicated upon surmise or conjecture as to the cause of the injury; and proximate cause can be proven only by evidence which establishes to a reasonable certainty that the defendants' acts caused the injury. *Kellman v. Twin Orchard Country Club*, 202 Ill.App.3d 968, 148 Ill.Dec. 291, 560 N.E.2d 888 (1990); *Branson v. R & L Investment, Inc.*, 196 Ill.App.3d 1088, 143 Ill.Dec. 689, 694, 554 N.E.2d 624, 629 (1990); *Salinas v. Chicago Park District*, 189 Ill.App.3d 55, 136 Ill.Dec. 660, 662, 545 N.E.2d 184, 186 (1989); *Kimbrough v. Jewel Companies Inc.*, 92 Ill.App.3d 813, 48 Ill.Dec. 297, 300, 416 N.E.2d 328, 331 (1981); *Collins v. American Optometric Association*, 693 F.2d 636 (7th Cir.1982). In *Collins*, the plaintiff sued certain optometrists for negligence. The Seventh Circuit Court of Appeals, guided by the standard to be applied in the instant case has stated:

> "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the possibilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant."

693 F.2d at 640 (citing W. Prosser, The Law of Torts 241 (4th ed. 1971)).[3]

Illinois Appellate Courts always reverse judgments if there is an absence of proof of a causal relationship between the condition of the property and the plaintiff's injury. *McInturff v. Chicago Title and Trust Company*, 102 Ill.App.2d 39, 243 N.E.2d 657 (1968). The facts in *McInturff* are almost identical to the facts of the instant case. There, the plaintiff's decedent was the janitor of a building. He had fallen to his death down a stairway in the building. The plaintiff's complaint alleged that as a

---

**2.** 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1985). ("In such a situation, there can be 'genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.")

**3.** The functional theories of a motion for summary judgment and a motion for directed verdict are essentially the same. *Kirk v. Home Indem. Co.*, 431 F.2d 554, 559 (7th Cir.1970); 6 Moore's Federal Practice ¶ 56.02(10) and 56.04(2) (2d ed. 1990).

proximate result of the defendant's negligence premised upon building code violations and poor maintenance, the decedent had fallen on the stairway. Plaintiff contended that the defendant's maintained the stairway without handrails, this was found to be in violation of municipal ordinances in that the stairway was unreasonably and dangerously steep and worn. As in this case, there were in that case no witnesses to the accident nor was there any direct proof that the condition of the stairway had caused the injury suffered by the plaintiff.

In reversing the trial court's judgment for the plaintiff, the *McInturff* court stated:

"The fragmentary evidence on the issue of the Defendants' negligence did not establish any relationship between the alleged negligence and the proximate cause of the decedent's fall and injury. There was no direct evidence relative to what took place prior to and at the time of the decedent's injury. There was no proof that the condition of the stairway, or the alleged failure to comply with the handrail ordinances, caused the injury or damage suffered by the Plaintiff. The burden was on the Plaintiff to establish by a preponderance of the evidence the cause or relation between the alleged negligence and the injury sustained by the decedent. Absent proof of a cause or relationship between the condition of the stairs and the decedent's death, the Plaintiff was not entitled to recover. Damages cannot be assessed on mere surmise or conjecture as to what probably happened to cause his injury and death."

243 N.E.2d at 662 (citations omitted).

When the Plaintiff in *McInturff* petitioned for a rehearing, the Court denied the petition stating:

In the case at bar, *there is more than one possible explanation for the decedent's death.* The plaintiff's evidence including facts and circumstances and the inferences to be drawn therefrom need not negate all other causes of the decedent's death in order to make out a prima facie case, but the Plaintiff must introduce evidence, which with its legal intendments more strongly supports her theory of recovery than it supports inferences to the contrary. The Plaintiff's evidence did not meet this test.

*Id.* at 664 (emphasis added).

As the facts in the instant case indicate, similar as they are to the *McInturff* case, there is no direct physical evidence linking the staircase to the injury and there were no witnesses to the accident. In addition, there is in the instant case no evidence linking the floor at the bottom of the staircase to Robert's injury. There could have been any number of possible explanations for his injury. Thus, based on this state of the law plaintiff here cannot meet her burden of affirmatively and positively showing that negligence of the defendants was the proximate cause of the plaintiff's injury. See: *Id.* at 662.

Consider, nevertheless, the matter of circumstantial evidence. In *Kellman v. Twin Orchard Country Club*, 202 Ill.App.3d 968, 148 Ill.Dec. 291, 560 N.E.2d 888 (1990), the Court held that the circumstantial evidence in the case was insufficient to raise an inference that the patron's injuries and subsequent death were caused by a Country Club's negligence in maintaining a shower stall and basin in an unreasonably dangerous condition. There, the decedent was at his Country Club for "Family Day." Another member saw the decedent walking to the showers when suddenly that other member heard a thud. He called out to the decedent and there was no answer. He then went to check on the decedent and found him lying on his stomach, face down, with his arms next to his sides. His legs were on the curb that separated the shower basin from the changing area, and his feet were pointing downward in the shower basin. The decedent sustained a fracture of his cervical spine and quadriplegia. He later died.

In that case the widow of the decedent brought a wrongful death action against the Country Club under the Illinois Wrongful Death Act and its Survival Act. The Circuit Court granted summary judgment for the Country Club and the Appellate

Court affirmed. *Id.* In affirming the Circuit Court, the Appellate Court stated:

"The occurrence of an accident does not support an inference of negligence, and absent positive and affirmative proof of causation, plaintiff cannot sustain the burden of establishing the existence of a genuine issue of material fact."

*Id.* 148 Ill.Dec. at 295, 560 N.E.2d at 892.

It had been the plaintiff's position in that case that the evidence showed that the decedent fell while standing in the shower basin. However, there was no evidence pointing to the cause of the fall. The plaintiff argued that the medical testimony established that the decedent had fallen forward with accelerating speed and that the injuries received were consistent with slipping and falling in a shower stall, but the Court addressing this point stated:

"Unfortunately, this does not address the issue of what had *caused* the decedent to slip and fall. The possibility that the alleged unreasonably dangerous shower stall and basis had caused the decedent to slip and fall is insufficient to establish a causal relationship between defendant's alleged negligence and decedent's injuries."

*Id.* 148 Ill.Dec. at 295, 560 N.E.2d at 892.

Given the nature of the evidence in the *Kellman* case, the Appellate Court concluded that several factors could have caused the decedent's fall. "The circumstantial evidence, i.e., the condition of the showers stall, the position of decedent's body after the fall, and the medical testimony, does not establish with reasonable certainty that decedent's injury was the proximate result of defendant's negligence." *Id.* 148 Ill.Dec. at 296, 560 N.E.2d at 893.

So, as in the *Kellman* case, in this matter there is insufficient evidence to establish with reasonable certainty that an unreasonably dangerous condition of the property proximately caused Hudson's injury. To avoid confusing reasonable inference with mere conjecture and speculation (i.e., assumptions of ultimate fact based upon circumstances) the plaintiff must always show that the defendants' fault proximately caused the injury, and this must be shown *with reasonable certainty. Wilson v. Bell Fuels, Inc.*, 214 Ill.App.3d 868, 158 Ill.Dec. 406, 574 N.E.2d 200 (1st Dist.1991). To be sure, plaintiff's "accident reconstruction expert witness" here presented evidence to the effect that, in her opinion, the area where Robert fell was in an unreasonably dangerous condition. However, she did not offer any evidence which would show that this condition itself was the cause of the Robert's injury. In fact, the deficiency in her evidence is demonstrated by the plaintiff's own identification of alternative and inconsistent possible causes of Robert's injury. While several of the observations were concerned with the staircase, e.g., the lights, the handrails, the maintenance; other allegations, as well as plaintiff's own testimony, identify a different possible cause—the tile floor upon which Robert was discovered. The plaintiff testified in her deposition that she observed that the tile floor at the base of the stairs was conducive to slipping and could have caused the fall.

Further, there are theories not set out in the complaint which remain as possibilities. For example, Robert Hudson could have been mugged or pushed. "[T]he circumstances must justify an inference of probability rather than mere possibility." *See Snell v. Village of University Park*, 185 Ill.App.3d 973, 134 Ill.Dec. 49, 542 N.E.2d 49 (1987) (appellate court affirmed granting of summary judgment where plaintiff's evidence failed to support an inference of *probability*, rather than possibility). As it was found in the *Salinas v. Werton*, 161 Ill.App.3d 510, 113 Ill.Dec. 333, 515 N.E.2d 142 (1987) case, so it would be found improper here to submit the question of the defendants' negligence to the jury because it would have to be based on impermissible inferences and speculation. 113 Ill.Dec. at 235–36, 515 N.E.2d at 144–45.

Looking further at the case here, the plaintiff offers evidence that the area where he was found had been maintained in a manner that violated some of the requirements of the Chicago Building Code, asserting that violation of a statute or ordinance is prima facie evidence of negligence.

However, the rule is that a plaintiff may recover only where it is shown that the statutory violation itself was the proximate cause of the injury. *Pharr v. Chicago Transit Authority,* 123 Ill.App.3d 205, 78 Ill.Dec. 634, 462 N.E.2d 753 (1984); *Ding v. Kraemer,* 59 Ill.App.3d 1042, 17 Ill.Dec. 267, 376 N.E.2d 266 (1978).

To repeat, the plaintiff under Illinois law has the burden of affirmatively and positively showing that the defendants' negligence was the proximate cause of the plaintiff's injury. *McInturff, supra* 243 N.E.2d at 662. There is no presumption of negligence because of the mere happening of an accident. *Id.* at 663. Towards this end, it was incumbent upon the plaintiff here to marshall the evidence and present it in a way that would support her theory of recovery within the boundaries of Illinois law. The plaintiff cannot and has not here produced any evidence that would meet that test. This lack of evidence positively connecting the defendants to the plaintiff's injury would render any verdict for the plaintiff a product of mere speculation, or a conclusion deduced by surmise and guess work. Considering all of the above, this Court should grant the joint motion for summary judgment on behalf of all defendants.

Given, then, that summary judgment in this case is proper for both defendants under their joint motion for summary judgment, that will be the judgment of the Court.

### ACCORDINGLY:

The defendants joint motion for summary judgment is granted. Under the circumstances, the Court need not address further an additional separate motion for summary judgment brought by the defendant First National Bank of Chicago.

IT IS SO ORDERED.