GALE HOLBROOK, Plaintiff-Appellant, v. MILAN PERIC *et al.*, Defendants-Appellees.

First District (5th Division) No. 83—1691

Opinion filed December 28, 1984.

Stephen R. Murray, of Senechalle & Murray, P.C., of Chicago, for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Richard W. Schumacher, and Lloyd E. Williams, Jr., of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Gale Holbrook appeals from the trial court's entry of summary judgment in favor of both defendants. Plaintiff's complaint sought damages for personal injuries sustained when his vehicle collided with a truck operated by defendant Milan Peric and owned by defendant Elgin Sweeping Services, Inc. (Elgin). The circuit court granted defendants' motion for summary judgment based on the pleadings, affidavits and depositions, stating that no fair-minded person could infer that defendants breached a duty. Plaintiff filed a timely notice of appeal; he contends that the existence of a genuine issue of material fact precluded summary judgment and that defendants were not entitled to judgment as a matter of law. Plaintiff also claims that the trial court abused its discretion in refusing leave to file a supplemental affidavit opposed to the motion. We summarize the record as follows.

Elgin's agents were sweeping the left shoulder of the northbound lanes of the Kennedy Expressway shortly before midnight on September 19, 1979. Three vehicles comprised the sweeping operation: a lead truck, a sweeper, and an escort truck. Michael DeVito's role as driver of the lead truck was to pick up heavy debris ahead of the sweeper, which was operated that night by Pete Mohoevich. Defendant Milan Peric drove the escort truck, which displayed a yellow Mars light, two yellow "wigwag" flashers and white mud flaps. The tailgate had reflecting red and white diagonal striped tape stuck to it, and mounted upon it was a four-by-four-foot reflecting orange sign which read "Left lane closed 1500 ft." Plaintiff collided with the escort truck and sustained serious injuries, including loss of memory of a time before and after the collision.

In his deposition, Milan Peric stated that his escort truck had been stopped for several minutes about 1,500 feet behind the sweeper at the time of the accident. He said that he was near the Ainslie overpass and that he saw the sweeper and lead truck in a straight line, not on the curve nearer the rapid transit station. Michael DeVito stated at deposition that he had stopped to retrieve some large debris, that the sweeper was stopped 50 feet behind him, and that the escort truck was stopped about 1,000 feet behind the sweeper. DeVito said that he saw plaintiff's vehicle approach, half in the left lane and half on the shoulder, and saw it strike the right rear of the escort truck. Peric and DeVito both stated that the escort truck was completely on the shoulder.

Count I of plaintiff's complaint recited that defendants were negligent in that they operated a truck straddling the highway, far below

the minimum speed, without sufficient warning. Plaintiff alleged in count II that defendants knowingly and wilfully violated the Road Construction Injuries Act by failing to mark a closed portion of the highway at a sufficient distance with safe and suitable warning signs, signals and barricades. Defendants filed their motion for summary judgment on grounds that all fair minds would agree defendants exercised reasonable care, and that plaintiff's acts alone proximately caused his injuries.

At the hearing on defendants' motion, plaintiff requested leave to file the supplemental affidavit of a licensed surveyor, to the effect that the lead truck was 425 to 450 feet from the escort truck. The lower court denied leave to file the affidavit because "it would be immaterial to the issues in this case." The court granted the motion for summary judgment, and stated that "no fair minded person could draw an inference of breach of duty ***." Plaintiff appeals.

OPINION

■ Summary judgment is a salutary procedure designed to alleviate the personal and societal burdens of unnecessary litigation (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576), but it is a procedure which must be employed cautiously so as not to deprive a party of the right to trial by jury or the opportunity to fully present the facts where a material dispute may exist. (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 149-50, 240 N.E.2d 699.) Summary judgment should be granted:

> "*** if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ***" (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).)

The purpose of summary judgment is not to decide the facts, but to ascertain whether a real factual dispute exists (*Ray v. City of Chicago* (1960), 19 Ill. 2d 593, 599, 169 N.E.2d 73), and in so doing, courts must construe the evidential material strictly against the movant and liberally in favor of the opponent. (*Shockley v. Ryder Truck Rental, Inc.* (1979), 74 Ill. App. 3d 89, 93-94, 392 N.E.2d 675.) "[I]f what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence *** the court would be required to direct a verdict, then a summary judgment should be entered." *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.

Plaintiff contends that there was and is a factual dispute in that Peric testified the escort truck was 1,500 feet behind the sweeper, DeVito said the vehicles were 1,000 feet apart, and plaintiff's surveyor estimated the distance at 425 to 450 feet. In addition, plaintiff points to the undisputed fact that the warning sign was surrounded by contrasting stripes. From these facts, plaintiff argues, a reasonable person could infer that defendants wilfully violated the Road Construction Injuries Act (the Act) (Ill. Rev. Stat. 1979, ch. 121, par. 314.1 *et seq.*) and failed to give plaintiff adequate warning of the roadway hazard. According to plaintiff, the statutory violation indicates a breach of duty, and defendants were not entitled to judgment as a matter of law.

Defendants respond that the Act does not apply because plaintiff's injury was not within the class of injuries sought to be prevented by the Act. Defendants maintain that all reasonable minds would agree that the escort truck was an obvious hazard, and coupled with the undisputed fact that the truck was outside the regularly traveled lanes of traffic, the lower court correctly concluded as a matter of law that defendants breached no duty. Alternatively, defendants argue that summary judgment was proper because no act of defendants proximately caused plaintiff's injury; they assert that plaintiff's inattention to the road was the sole independent cause of collision.

Plaintiff replies that he was within the class of persons protected by the Act, and defendants' violations constituted at least *prima facie* evidence of negligence. Plaintiff notes that there may be more than one proximate cause of an injury, and that proximate cause is a fact question, particularly under comparative negligence.

In order to prevail on a claim on common law negligence, a plaintiff must show a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by the breach. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 541, 301 N.E.2d 307; Prosser, Torts sec. 30, at 143 (4th ed. 1971).) "The law of probable cause holds that an injury which is the natural and probable consequence of an act of negligence is actionable and such an act is the proximate cause of the injury. The injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable, and such an act is either a remote cause, or no cause whatever of the injury." (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 80, 117 N.E.2d 74.) Dean Prosser also distinguished between "cause in fact" and "legal cause," writing of the former, "an act or an omission is not regarded as a cause of an event if the particular event would have occurred without it." (Prosser, Torts sec. 41, at 238 (4th ed. 1971).)

Our supreme court in *Mieher v. Brown* (1973), 54 Ill. 2d 539, 544, 301 N.E.2d 307, quoted the description of legal cause provided in section 435(2) of the Restatement (Second) of Torts: "The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."

Assuming facts most favorable to plaintiff, and assuming further that defendants violated the Act, we find that no reasonable person could infer that defendants' alleged negligent acts proximately caused plaintiff's injuries. We recognize that proximate cause is ordinarily a question of fact (see *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74), but it becomes a question of law where there can be no difference in the inferences drawn by reasonable men from undisputed facts. *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 318, 45 N.E.2d 665.

Plaintiff posits that because defendants' vehicles were too close to one another and the tailgate sign was nonconforming, he became confused and disoriented, causing him to leave the roadway and collide with the escort truck. We believe that such purported causalities could have been neither the cause in fact nor the legal cause of plaintiff's injuries. The distance between defendants' vehicles was irrelevant to plaintiffs' collision with the rear end of the rear vehicle; the only condition of defendants' vehicles even arguably connected to the occurrence was the location of the escort truck. Yet, plaintiff does not allege that the escort truck was negligently located, and the necessary implication of plaintiff's argument is that the location of the escort truck would be proper when the sweeper advanced another 1,000 feet. It simply does not matter whether the sweeper was 425 or 1,500 feet ahead of the escort truck. Paraphrasing Dean Prosser's test for cause in fact, the collision would have occurred regardless of the distance between the escort truck and the sweeper.

Moreover, the argument that plaintiff became confused and disoriented indicates that defendants' acts were not the legal cause of the plaintiff's injuries. To say that the collision was caused by a psychological attraction resulting from the proximity of two lighted trucks and the configuration of a tailgate warning seems to us highly extraordinary. Alternatively stated, defendants could not have foreseen or reasonably anticipated that such negligent acts would result in someone's colliding with the rear of the escort truck. We believe all reasonable minds would conclude that the acts alleged by plaintiff were "a remote cause, or no cause whatever of the injury." See *Ney*

*v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 80, 117 N.E.2d 74.

Plaintiff argues that causation is a fact question, and particularly under comparative negligence, the jury should be allowed to apportion fault. Although there is reason to doubt the applicability of comparative negligence in cases arising under the Act (compare *Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 419 N.E.2d 918 (Road Construction Injuries Act parallels Structural Work Act) and *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444 (strict liability as opposed to comparative negligence applied under Structural Work Act)), our disposition does not require a decision on this issue. It is true, as plaintiff suggests, that the doctrine of comparative negligence diminishes the need to protect remotely negligent defendants from liability; nevertheless, proximate cause remains an essential element of liability for negligence. (See *Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574, 578, 459 N.E.2d 1131.) Had this case been tried before a jury, no comparison of liability could have been made, because the court would have been required to direct a verdict in favor of defendants based on proximate cause.

Our decision is fully consistent with that of the lower court concerning the absence of proximate cause. In ruling on plaintiff's supplemental affidavit, the judge stated, "[T]he distance between the two vehicles or the fact that *** the striping or signing of the escort vehicle sign detracted from the maintenance vehicle in front of it has no materiality to the issue in this case." Because we agree with the circuit judge that these facts were immaterial, we cannot say that his denial of leave to file the affidavit amounted to an abuse of discretion. However, where a party submits an affidavit opposing summary judgment before such judgment has been rendered, and especially where, as here, the court considers the content of the affidavit, we believe the better procedure would be to grant leave to file.

Finally, we address the one argument advanced by plaintiff which requires statutory interpretation. Plaintiff argues that "the use of the stripes on the rear of the truck constitutes a barricade and therefore in accordance with the Manuel [*sic*] should come within the requirements for a safe and suitable barricade.

> " 'Barricades are located adjacent to traffic and therefore subject to impact by errant vehicles. Because of their vulnerable position and the possible hazard they could create, they should be constructed of light weight materials and have no rigid stay ***.' [(Illinois Department of Transportation, Manual of Uniform Traffic Control Devices for Streets and Highways 6C—5.)]"

The failure to bring the escort truck within this provision could be seen as a proximate cause of plaintiff's injury, and so we must determine whether defendants breached a duty by failing to do so. In *Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307, our supreme court held that a manufacturer of trucks was under no duty to design or build a truck so as to minimize the injuries of one who collides with it. We believe that *Mieher* negates the proposition that defendants' escort truck was or should have been a yielding barricade, and we reject any such interpretation of the Act. Therefore, we agree with the lower court that defendants breached no duty in this respect.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN and PINCHAM,* JJ., concur.

---

*Justice Kenneth E. Wilson heard oral argument in this case, and following Justice Wilson's death, Justice R. Eugene Pincham was substituted, listened to the tapes of the oral argument, and read the briefs and record.