JASON LAMKIN, a Minor, by his Mother and Next Friend, Carol A. Lamkin, *et al.*, Plaintiffs-Appellants, v. STAN TOWNER *et al.*, Defendants (Gallatin Aluminum Products, Inc., Defendant-Appellee).—DUSTIN TROY PACE, a Minor, by his Mother and Next Friend, Robin R. Pace, *et al.*, Plaintiffs-Appellants, v. STAN TOWNER *et al.*, Defendants (Gallatin Aluminum Products, Inc., Defendant-Appellee).

Fifth District   Nos. 5—91—0132, 5—91—0133 cons.

Opinion filed June 16, 1993.—Rehearing denied July 15, 1993.

CHAPMAN, P.J., specially concurring.

G. Edward Moorman, of Williamson, Webster, Groshong, Moorman & Falb, of Alton, for appellants.

Clark D. Smith, of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Jason Lamkin, a minor, by his mother and next friend, Carol A. Lamkin (No. 5—91—0132), along with Dustin Troy Pace, a minor, by his mother and next friend, Robin R. Pace, and Robin R. Pace (No. 5—91—0133), appeal from summary judgments entered in favor of defendant manufacturer, Gallatin Aluminum Products, Inc. (hereinafter the manufacturer). Summary judgments were also entered in favor of the other named defendants, but plaintiffs contest only the summary judgments entered in favor of the manufacturer. In this cause, we are asked to consider whether the trial court erred in entering summary judgments in favor of the manufacturer. We reverse and remand.

The facts and procedural history relevant to the issue presented are as follows. On March 2, 1983, plaintiff, Jason Lamkin, two years old, lived with his mother in an apartment in Alton. On that date, Jason's mother was vacuuming his bedroom on the second floor and moved the bed beneath a window in order to vacuum the area where Jason's bed was usually positioned, approximately one foot beneath the window. Jason's mother opened the window before vacuuming, but a screen was in place. As she reached to turn off the vacuum, she heard a grunting noise and turned to see Jason's feet going out the window. Jason fell headfirst onto the pavement below. Jason suffered a cerebral contusion and a skull fracture. The record does not reveal the extent of Jason's recovery.

On September 1, 1982, plaintiff, Dustin Pace, aged 18 months, lived with his mother in the same apartment building as Jason Lamkin. On that morning, Dustin's mother left a window open in Dustin's second-floor bedroom. The window was covered by a screen. Later in the day, Dustin's mother was drying her hair. Upon completion, she turned off the hair dryer and heard something hit. She ran into Dustin's bedroom and saw the screen was off the window. She ran downstairs and outside and found Dustin lying on the ground. The record does not reveal the extent of Dustin's injuries.

On February 28, 1985, Jason Lamkin and his mother brought a negligence and products liability action in Madison County for injuries Jason sustained in his fall through the screen. On the same date, Dustin Pace and his mother also filed a negligence and products liability action in Madison County for injuries sustained from his fall from the same apartment building. Named as defendants in plaintiffs' complaints were: the owner of the apartment building, Stan Towner; the renovator/builder of the building, Pat Dooling and Kenneth Vaneck, a partnership; the retailer of the windows and screens, Carroll Supply & Service; and the manufacturer of the windows and screens, Gallatin Aluminum Products, Inc. All defendants in both cases filed motions for summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) based on the absence of any legal duty on their part on which liability could be predicated. The retailer also filed a motion to dismiss pursuant to section 2—621 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—621). The trial court denied all defendants' motions for summary judgments along with the retailer's motion to dismiss. On December 18, 1987, the trial court granted defendants' motions for a finding for interlocutory appeal in each case pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). This court granted leave to appeal in each case, the cases were consolidated, and we affirmed the trial court's denial of defendants' motions for summary judgment and the retailer's motion to dismiss. (*Lamkin v. Towner* (1989), 190 Ill. App. 3d 631, 546 N.E.2d 1020.) Our supreme court granted defendants' petitions for leave to appeal and ultimately reversed and remanded for further proceedings consistent with its opinion. (*Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449.) On remand, the trial court entered summary judgment in favor of all defendants in both cases. Plaintiffs appeal the entry of summary judgment in favor of the manufacturer only. On this court's own motion, we once again consolidate these cases.

Plaintiffs contend that the facts available to the trial court when it granted the manufacturer's motions for summary judgment were

not sufficient to support the entry of such judgment, and that our supreme court's decision does not require the entry of summary judgment in favor of the manufacturer. (See *Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449.) The manufacturer replies that the supreme court's decision required the trial court to enter summary judgment in favor of the manufacturer, and that the facts available to the trial court when it granted defendant's motion for summary judgment were sufficient to support the entry of such judgment. After careful study of our supreme court's decision in this matter, we do not believe that summary judgment in favor of the manufacturer was appropriate under these circumstances.

The standards governing whether summary judgment should be granted are set forth in section 2—1005(c) of the Code, which states in pertinent part:

> "The judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).)

Summary judgment is a drastic remedy. It must be awarded with caution in order to avoid preempting a litigant's right to trial by jury or his right to *fully* present the factual basis of a case where a material dispute *may* exist. (*Holbrook v. Peric* (1984), 129 Ill. App. 3d 996, 473 N.E.2d 531.) In passing on a summary judgment motion the trial court is, therefore, required to construe the pleadings, affidavits, depositions, and admissions on file strictly against the moving party and liberally in favor of the opponent. (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 164, 463 N.E.2d 1339, 1344.) Only if these materials establish that the movant's entitlement to summary judgment is free from doubt may such a motion be granted. *Fremont Indemnity Co. v. Special Earth Equipment Corp.* (1985), 131 Ill. App. 3d 108, 112, 474 N.E.2d 926, 930.

In *Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449, our supreme court reversed the trial court's denial of all defendants' motions for summary judgment and remanded for further proceedings consistent with its opinion. Specifically, the supreme court found that the landlord did not have any duty to maintain a window screen sufficiently strong to support the weight of a minor child and that the landlord could not be held liable for plaintiffs' injuries because there was no evidence that the landlord retained any control over the leased apartments. (*Lamkin*, 138 Ill. 2d at 519, 563 N.E.2d at 453.) The su-

preme court also held that the renovator/builder did not owe any common law duty to the apartment residents to install child-proof windows, even if such a screen was available, due to the overwhelming economic and social consequences which would be placed on every apartment renovator/builder by such a duty. (*Lamkin*, 138 Ill. 2d at 524, 563 N.E.2d at 455.) Specifically, the supreme court stated that potential consequences would be that renovators/builders would cease installing windows or, at a minimum, install windows that would not open. The opinion also noted that the costs of conforming with such a duty would be staggering. (*Lamkin*, 138 Ill. 2d at 524-25, 563 N.E.2d at 455.) As to the retailer, the supreme court found that it was a non-manufacturer entitled to dismissal of the products liability claim pursuant to section 2—621(c)(1) of the Code of Civil Procedure, because it had no knowledge of any defects in the window which allegedly caused plaintiffs' injuries and did nothing that would have created the alleged defects. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—621(c)(1) through (c)(3); *Lamkin*, 138 Ill. 2d at 532, 563 N.E.2d at 459.) The retailer's duty to sell a screen sufficiently strong to support the weight of a minor child was also discussed along with the manufacturer's duty; however, the supreme court's discussion of the section 2—621 motion leaves no doubt that the retailer should not be a party to this action. With regard to the manufacturer's duty, the supreme court stated:

"A plaintiff may demonstrate that a product is defective in design, so as to subject a retailer and a manufacturer to strict liability for resulting injuries, in one of two ways: (1) by introducing evidence that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner or (2) by introducing evidence that the product's design proximately caused his injury and the defendant fails to prove that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs. See generally *Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 219-20, [412 N.E.2d 959,] citing *Barker v. Lull Engineering Co.* (1978), 20 Cal. 3d 413, 427-28, 573 P.2d 443, 452, 143 Cal. Rptr. 225, 234-35.

There has been no evidence presented in the form of affidavits, depositions, testimony or other evidentiary materials to support a finding on a motion for summary judgment that the window screens failed to perform as safely as an ordinary consumer would expect when *used* in an intended or reasonably foreseeable manner. ***

The window screens were simply serving the purpose for which they were created when the accidents occurred. Even assuming that 'the ordinary [person]' may recognize the potential for a screen to restrict a fall from a window, we cannot conclude that, in the event a window screen fails to prevent the fall of a minor leaning against it, 'the ordinary [person]' would consider the screen dangerous beyond his original contemplation of the product. A consumer may rightfully expect a product to safely do the job for which it was built or for a foreseeable similar use, but neither a retailer nor a manufacturer can be held strictly liable for injuries resulting from the misuse of its product.

Likewise, there has been no evidence presented in the form of affidavits, depositions, testimony or other evidentiary materials to support a finding on a motion for summary judgment that the window screens' *design* proximately caused appellees' injuries. Appellees allege in their complaints that:

'(a) The screens readily popped out from the frames;

(b) The screens were not securely fastened within tracks on the windows;

(c) There are no secure latches, locks or other devices to fix the window screens to the frames.'

Appellees fail to provide evidence of how the window screens' design could have been altered to create a safer screen, such as the one described by appellees, or any evidence of the form and feasibility of the alternative screen design. (See, *e.g.*, *Palmer*, 82 Ill. 2d at 218, [412 N.E.2d at 963].) In light of appellees' failure to provide any evidence to support their allegations, we cannot conclude that, as a matter of law, the window screens are 'defective or unreasonably dangerous' such as to serve as the basis for a products liability action against the retailer or manufacturer of such window frames and window screens." (Emphasis in original.) (*Lamkin*, 138 Ill. 2d at 529-31, 563 N.E.2d at 457-58.)

The supreme court then reversed our decision and remanded the case for further proceedings consistent with its opinion. *Lamkin*, 138 Ill. 2d at 533, 563 N.E.2d at 459.

■ After a careful reading of our supreme court's opinion in *Lamkin*, it is evident that there was no need for the supreme court to remand for further proceedings as to the landlord, the renovator/builder, or the retailer. The opinion clearly indicates that as to the landlord and the renovator/builder summary judgment was proper. As

to the retailer, the supreme court found it should have been dismissed as a party pursuant to section 2—621 of the Code (Ill. Rev. Stat. 1987, ch. 110, pars. 2—621(c)(1) through (c)(3)). The supreme court did, however, leave open the question of liability as to the manufacturer on the products liability claim.

On remand, plaintiffs agreed that the supreme court's decision necessitated that summary judgment be entered in favor of the landlord and the renovator/builder and that the retailer be dismissed from the action, but plaintiffs argued that unresolved factual issues as to the manufacturer still exist, thereby making summary judgment as to the manufacturer out of the question. Plaintiffs identified the unresolved factual issues as:

"(a). Factual issues involving design and testing which were answered 'unknown' or 'to be furnished' in Gallatin's answers to interrogatories ***.

(b). Factual matters concerning the advancement of technology in the window-screen industry resulting in the ready availability of stronger window screens than in prior years.

(c). All of the matters which may be developed through discovery and the use of experts, none of which had been resolved at the time this court ruled on summary judgments."

After reviewing the record, it is apparent that the manufacturer did give only cursory answers to plaintiffs' interrogatories. For example, the manufacturer answered "unknown" or "to be furnished" to several questions. Most telling is the fact the manufacturer was not even aware what screens and windows were involved in the accidents in question.

After remand by our supreme court, in response to the manufacturer's motion for summary judgment, plaintiffs submitted an affidavit, signed by Robert D. Larson, attorney at law, stating in pertinent part:

"The engineering and design of windows and screens has changed, developed, and improved in the last 20 years so that new forms of windows and screens are now being used which did not exist at the time the cases [relied upon by the manufacturer] were decided ***."

The affidavit states that one such screen is sold by Alarm Screen of St. Louis and is made of a material so strong it is child resistant. Nevertheless, the trial court, after reviewing the supreme court's decision, entered summary judgment in favor of the manufacturer and against plaintiffs.

The trial court's orders of January 30, 1991, indicate that it felt obligated to enter summary judgment because of its interpretation of the supreme court decision. The orders entered by the trial court read as follows:

"The Court, having reviewed the decision of the Illinois Supreme Court pertaining to this matter, captioned *Lamkin v. Stan Towner, et al*, Docket Numbers 69498, 69499, 69506, 69519 consolidated—Agenda 25—May, 1990, \*\*\* does hereby enter summary judgment in favor of Gallatin Aluminum Products Company, Inc. and against plaintiffs \*\*\* with respect to all causes of action set out in plaintiffs' Complaint.

The Court further finds there is no just reason to delay enforcement or appeal of this Order."

We note that these orders recite review of the supreme court's opinion but do not refer to review of any affidavit, discovery, or argument by any party, although such was submitted to the court after remand. It is clear on this record that the trial court granted summary judgment based on its understanding of our supreme court's opinion, not on the record before it.

No further discovery was conducted by the parties prior to summary judgment, but we believe it should have been. Plaintiffs should have been allowed the opportunity to fully present the factual basis of their case. The supreme court decision found that no evidence had been presented up to that point to support a finding on a motion for summary judgment "that the window screens failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner" (emphasis omitted) (*Lamkin*, 138 Ill. 2d at 529, 563 N.E.2d at 457) or "that the window screen's design proximately caused [plaintiffs'] injuries" (emphasis omitted) (*Lamkin*, 138 Ill. 2d at 530, 563 N.E.2d at 458). We conclude the supreme court's remand was to allow plaintiffs the opportunity to present such evidence.

■ The manufacturer maintains that plaintiffs should have requested a continuance to obtain affidavits or additional discovery in opposition to the motion for summary judgment. While that would have been prudent, we do not believe that plaintiffs' failure to request a continuance waived the issue. Our interpretation of the supreme court's decision is different from that of the trial court. We believe the supreme court decision requires plaintiffs be given the opportunity to present a factual basis for a products liability action against the manufacturer. Accordingly, the trial court should have given plaintiffs the opportunity to conduct further discovery, and the trial court's en-

try of summary judgment was premature and constituted error. Plaintiffs' affidavit from attorney Robert D. Larson is an attempt by plaintiffs to provide evidence of how the window screen's design could have been altered to create a safer screen and that such an alternative screen design is feasible. (See, *e.g.*, *Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 218, 412 N.E.2d 959, 963.) The supreme court's opinion mandates that plaintiffs be given further opportunity to support their claim that a child-proof window screen exists. At this time the manufacturer's right to a judgment is not clear and free from doubt.

For the foregoing reasons, the orders of the circuit court of Madison County granting summary judgment are reversed, and the causes are remanded for further proceedings not inconsistent with this opinion.

No. 5—91—0132, Reversed and remanded.
No. 5—91—0133, Reversed and remanded.

RARICK, J., concurs.

CHAPMAN, P.J., specially concurring:

I concur in the result reached by the majority, but the reasons for my conclusion require me to write separately.

In my opinion the reason for the possible confusion on the trial court's part is to be found in the treatment of this case in the original appeal. The trial court, the appellate court, and the supreme court all treated the motion by the manufacturer as a section 2—1005 motion for summary judgment when in fact it was a section 2—615 motion to dismiss for failure to state a cause of action, and in my opinion this treatment has had unfortunate results.

I acknowledge at the outset that the motion involved was clearly captioned a motion for summary judgment and that it may have been accompanied by a deposition transcript.

*"Motion For Summary Judgment*
* * *

1. That there are no genuine issues of material fact for resolutions by a jury.

2. That the discovery deposition of Robin R. Pace incontrovertibly establishes that a minor plaintiff fell from a second story window which had been opened and which opening was covered by a window screen.

3. That under Illinois law it is well established that a window screen is not required or intended to keep persons from falling out of the window in which is it placed. *Crawford v. Orner & Shayne [Inc.* (1947)], 331 Ill. App. 568, 73 N.E.2d 615, *Gasquoine v. Bornstein* [(1956)], 10 Ill. App. [2]d 423, 135 N.E.2d 121.

4. That the foregoing rule of law clearly establishes that a window and window screen cannot be defective or unreasonably dangerous because it does not prevent a person from falling through the window as this is not its intended purpose as a matter of law.

WHEREFORE, defendant prays that summary judgment be rendered for it and against plaintiffs."

It is equally clear, however, that the motion is not based upon the "no genuine issue as to any material fact standard" of section 2—1005 (735 ILCS 5/2—1005 (West 1992)). Instead, the motion is premised upon a lack of duty, which is properly the subject of a section 2—615 motion to dismiss (735 ILCS 5/2—615 (West 1992)). *Barber-Colman Co. v. A & K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 603 N.E.2d 1215, recently reviewed dispositive pretrial motions and summarized its analysis as follows:

"(1) a defendant's section 2—615 motion admits the truth of the facts alleged in support of the claim but denies the legal sufficiency of those facts;

(2) a defendant's section 2—1005 motion admits the legal sufficiency of the claim but denies the truth of the facts alleged; and

(3) a section 2—619 motion admits both the truth of the facts alleged in support of the claim and the legal sufficiency of the claim, but it raises affirmative matters which it asserts defeat the claim, and as to those affirmative matters, there is no admission of either truth or sufficiency.

See Professor Michael's excellent discussion of this issue in 4 Illinois Practice §41.2, at 296-98." (Emphasis omitted.) *Barber-Colman Co.*, 236 Ill. App. 3d at 1075, 603 N.E.2d at 1223.

The supreme court criticized a loose use of motions in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 405-06, 312 N.E.2d 605, 609:

"Decision of this case has been made unnecessarily difficult because the trial and appellate courts and the parties have not drawn a sufficiently sharp distinction between the proper inquiry on a motion to dismiss and a motion for summary judg-

ment. Indeed, the motions filed by the savings and loan associations seem predicated on the assumption that there exists a hybrid procedure whereby a defendant may challenge the legal sufficiency of a complaint and, at the same time, answer it, file affidavits stating facts which would be admissible at trial, and demand judgment on the merits. *** To combine an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried is likely to confuse both the parties and the court. If this sort of procedure were sanctioned, it would be left to the reviewing courts to sort matters out and to remand with directions to allow leave to amend the complaint, to require plaintiff to file counteraffidavits, or to provide other appropriate instructions. We therefore expressly disapprove the procedure followed in the trial court. The defendants in this case should have first challenged the legal sufficiency of the complaint. When, and only when, a legally sufficient cause of action had been stated should the court have entertained the motions for summary judgment and considered the affidavits filed in support thereof."

The original confusion and the improper use of section 2–1005 is clearly shown by the defendant's "Motion for Trial Court Statement Pursuant to Illinois Supreme Court Rule 308(a)":

"5. That, in denying said motion, the Court essentially found that the allegations of Counts IX and X allege a legal, common-law duty on the part of the defendant-manufacturer, the violation of which can serve as the basis for a cause of action under the theory of strict liability in tort against the manufacturer.

6. That *the question of law* involved *is whether*, under the allegations of Counts IX and X of the Complaint, *a manufacturer is under any common-law duty to manufacture screens* for aluminum windows sufficiently strong to support the weight of a small child leaning against such window screen and prevent that child from falling out of that window, where it is alleged that:

'... [T]he windows and screens manufactured by the defendant, Gallatin Aluminum Products Company, Inc., were unreasonably dangerous and defective in that:

(a) The screens readily popped out from the frames:

(b) The screens were not securely fastened within tracks on the windows;

(c) There were no secure latches, locks, or other devices to affix the window screens to the frame.'

and that:

'As a direct and proximate result of unreasonably dangerous and defective conditions described above, the screen gave way and the plaintiff, Dustin Troy Pace, was caused to fall from the second story onto a paved area.'

the violation of which duty can serve as the basis for a cause of action for strict liability and tort against the manufacturer." (Emphasis added.)

Obviously the defendant, while proceeding under a summary judgment format, was actually attacking the legal sufficiency of the complaint on the duty issue and was not attacking the factual underpinnings of the case under section 2—1005.

The fact that the defendant was really attacking the legal sufficiency of the complaint is made even more clear by the question prepared by defendant and certified by the trial court for appeal under Supreme Court Rule 308.

"D. As to defendant, GALLATIN ALUMINUM PRODUCTS,

*Whether, as a matter of law, under the allegations of Counts IX and X of the Amended Complaint, a window frame and window screen can be defective or unreasonably dangerous* because they were not sufficiently strong to support the weight of a child leaning against the window screen so as to serve as the basis for a cause of action for products liability against the manufacturer of such window frames and window screens, where it is alleged that:

'At that time and place, the windows and screens manufactured by the defendant, Gallatin Aluminum Products, were unreasonably dangerous and defective in that:

(a) The screens readily popped out from the frames;

(b) The screens were not securely fastened within tracks on the windows;

(c) There were no secure latches, locks, or other devices to fix the window screens to the frames.

'As a direct and proximate result of one or more of the foregoing unreasonably dangerous and defective conditions, the screens would easily fall from the window frames.

On or about September 1, 1982, while the plaintiff, Dustin Troy Pace, was in an upstairs bedroom, he leaned or fell

against one of the screens manufactured by the defendant, Gallatin Aluminum Products.

As a direct and proximate result of the unreasonably dangerous and defective conditions described above, the screen gave way and the plaintiff, Dustin Troy Pace, was caused to fall from the second story onto a paved area.' " (Emphasis added.)

Clearly, the certified question deals with the issue of legal sufficiency as opposed to one of factual insufficiency.

Unfortunately, in the original appeal, both this court (*Lamkin v. Towner* (1989), 190 Ill. App. 3d 631, 546 N.E.2d 1020) and the supreme court (*Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449) treated this case as if it had been resolved on a summary judgment basis.

The language of the supreme court on the count against the manufacturer is significant.

"Likewise, there has been *no evidence* presented in the form of affidavits, depositions, testimony or other evidentiary materials to support a finding on a motion for summary judgment that the window screens' design proximately caused appellees' injuries. Appellees allege in their complaints that:

'(a) The screens readily popped out from the frames;

(b) The screens were not securely fastened within tracks on the windows;

(c) There are no secure latches, locks or other devices to fix the window screens to the frames.'

Appellees fail to provide *evidence* of how the window screens' design could have been altered to create a safer screen, such as the one described by appellees, or any evidence of the form and feasibility of the alternative screen design. (See, *e.g., Palmer*, 82 Ill. 2d at 218[, 412 N.E.2d at 963].) In light of appellees' failure to provide any *evidence* to support their allegations, we cannot conclude that, as a matter of law, the window screens *are* 'defective or unreasonably dangerous' such as to serve as the basis for a products liability action against the retailer or manufacturer of such window frames and window screens." (Emphasis added and omitted.) (*Lamkin*, 138 Ill. 2d at 530-31, 563 N.E.2d at 458.)

Two problems are presented by viewing this pleading attack as if it were a summary judgment motion, and both are manifested in the last sentence of the quote:

"In light of appellees' failure to provide any *evidence* \*\*\*, we cannot conclude that, as a matter of law, the window screens *are* 'defective or unreasonably dangerous \*\*\*'." (Emphasis added.) (*Lamkin,* 138 Ill. 2d at 530-31, 563 N.E.2d at 458.)

First, it was not the plaintiffs that were seeking a finding under section 2—1005 that the screens were unreasonably dangerous; it was the defendant that was seeking a finding that they were not. Actually, the defendant was not truly seeking such a finding on a *factual* basis. Instead, the defendant was seeking a ruling in its favor on a *legal* basis.

Second, the references to evidence, or the lack of it, are meaningful in a summary judgment context, but they are generally inappropriate in determining the existence of a duty. In deciding whether a duty exists in ruling on a section 2—615 motion, the court would not normally be concerned with evidence; the allegations of the complaint would be taken as true for the purpose of deciding the motion. This discussion on the type of motion involved and the basis of the supreme court's ruling is important because of the different treatment afforded different defendants in the supreme court's decision.

The supreme court dismissed the count against the renovator/builder on a legal basis. After discussing the factors involved in determining duty (foreseeability, likelihood of injury, magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant), the court stated:

"It would seem, therefore, that our review of the instant cases is halted at this point by necessity; remand of the causes to the trial court would appear to be required to hear evidence as to both the potential for the creation of a screen described by appellees as well as evidence of the added costs and time requirements on a renovator/builder. There is, however, one additional variable in the duty issue which we conclude answers the question without necessitating remand of the instant cases to the trial court for resolution of this issue. This variable is the consequences that would result if this court were to recognize a duty to install child-proof window screens.

\* \* \*

While we decline in this instance to impose the duty requested by the appellees, we acknowledge that the concept of a duty in this area of the law is a 'very involved, complex and indeed nebulous' concept." *Lamkin,* 138 Ill. 2d at 524-25, 563 N.E.2d at 455-56.

The conclusion of *no duty* as to the renovator/builder appears to me to be different than the basis of the supreme court's ruling as to the manufacturer. The supreme court decided the duty question against the renovator/builder on the basis of the "overwhelming economic and social consequences" the imposition of such a duty would impose on that class of defendants. Immediately before reaching that conclusion, however, the court had stated:

> "It would seem, therefore, that our review of the instant cases is halted at this point by necessity; *remand \*\*\* would appear to be required to hear evidence* as to both the potential for the creation of a screen described by appellees as well as evidence of the added costs and time requirements on a renovator/ builder." (Emphasis added.) *Lamkin*, 138 Ill. 2d at 524, 563 N.E.2d at 455.

What would a remand mean under such circumstances? That the supreme court was unable to determine the duty question to its satisfaction based only upon the record before it and that it would have remanded for the presentation of evidence if it had not decided to relieve the renovator/builder of any possible liability for a different reason, the "overwhelming economic and social consequences."

The fact that the supreme court did not relieve the manufacturer of liability on the same basis leads me to conclude that the supreme court wanted the trial court to examine evidence as to "both the potential for the creation of a screen \*\*\* as well as added cost \*\*\* requirements." Therefore, the apparent failure of the trial court to review even the limited evidence presented on the issue requires reversal.

I would reverse and remand with instructions to the trial court to enter an order expediting discovery on the issues of concern to the supreme court. This case has been on file since at least 1985, and both the plaintiffs and the defendant are entitled to a reasonably prompt resolution of this issue.