January 28, 1999

NO. 5-97-0945

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

MARK TWAIN ILLINOIS BANK, Guardian   )  Appeal from the

of the Estate of Jennifer Schroeder, )  Circuit Court of

                                     )  Clinton County.

     Plaintiff-Appellant,            )

v.                                   )  No. 95-L-16

                                     )

CLINTON COUNTY,                      )

                                     )

     Defendant,                      )

and                                  )

                                     )

BREESE TOWNSHIP ROAD DISTRICT,       )  Honorable

                                     )  James R. Harvey,

     Defendant-Appellee.             )  Judge, presiding.

_________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

This appeal involves a negligence action seeking damages for injuries sustained by Jennifer Schroeder in an automobile collision.  Specifically, plaintiff, Mark Twain Illinois Bank, guardian of Jennifer's estate, appeals the Clinton County Circuit Court's summary judgment in favor of defendant, Breese Township Road District (the District).  We partially affirm and partially reverse.

On the evening of April 15, 1994, Jennifer was a passenger in a vehicle travelling eastbound on Highline Road in Breese Township, Clinton County, Illinois.  While traversing a hill crest approximately 0.2 miles west of South Walnut Road, the vehicle carrying Jennifer collided head-on with a car travelling westbound on Highline Road.  As a result of the collision, Jennifer suffered severe injuries, rendering her disabled.  

On September 6, 1994, the Clinton County Circuit Court appointed Mark Twain Illinois Bank as guardian of Jennifer's estate.  On February 28, 1995, plaintiff instituted this negligence action against various defendants.
(footnote: 1)  On September 27, 1995, plaintiff filed a motion seeking to amend its complaint to add the District as an additional defendant.  On October 26, 1995, the circuit court granted this motion, and plaintiff filed its amended complaint, directing counts V and VI against the District.  Specifically, count V alleged that the District negligently planned or designed that part of Highline Road where the collision occurred, while count VI sounded in negligent maintenance.  On April 17, 1996, plaintiff amended count VI to more clearly allege negligent maintenance.

On May 7, 1997, the District filed a summary judgment motion.  On June 26, 1997, after a hearing, the circuit court granted summary judgment in the District's favor.  It seemingly reasoned that both counts against the District alleged negligence based upon its failure to improve the road and the District was under no duty to undertake such action.

On July 24, 1997, plaintiff filed a motion to reconsider, attaching additional evidence:  an affidavit and report of plaintiff's expert, Dr. William Berg; an accident reconstruction report prepared by Illinois State Trooper Ralph Timmins, a certified accident reconstructionist; and witness testimony from the Clinton County coroner's inquest concerning the death of the driver of the westbound vehicle.  On September 26, 1997, the circuit court denied plaintiff's reconsideration motion.  Plaintiff now appeals.

While plaintiff generally claims that the circuit court erred in granting summary judgment, we note that it makes no argument with regard to count V; rather, its argument centers exclusively on count VI.  An appellant cannot sufficiently raise a contention for review absent argument in support of it, accompanied by citation to authorities and page references appropriate to the issue.  
In re Marriage of Blackston
, 258 Ill. App. 3d 401, 408, 630 N.E.2d 541, 546 (1994).  Therefore, our review is limited to the circuit court's summary judgment on count VI.

Summary judgment "shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law."  735 ILCS 5/2-1005 (West 1994).  However, it is a drastic remedy and "must be granted with caution in order to avoid preempting a litigant's right to trial by jury or his right to fully present the factual basis of a case where a material dispute may exist."  
Lamkin v. Towner
, 246 Ill. App. 3d 201, 204, 615 N.E.2d 1208, 1210 (1993).  In determining the appropriateness of summary judgment, the trial court construes all evidence in the record strictly against the movant and liberally in favor of the opponent.  
Purtill v. Hess
, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986).  "A triable issue of fact exists where there is a dispute as to material facts or where the material facts are undisputed but reasonable persons might draw different inferences from those facts."  
In re Estate of Hoover
, 155 Ill. 2d 402, 411, 615 N.E.2d 736, 740 (1993).  "If facts permit more than one conclusion, including one unfavorable to the movant, a summary judgment should be denied."  
Jones v. Petrolane-Cirgas, Inc.
, 186 Ill. App. 3d 1030, 1034, 542 N.E.2d 1186, 1188 (1989).  On appeal, courts review summary judgment orders 
de novo
.  
Myers v. Health Specialists, S.C.
, 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, 497 (1992).

"In a cause of action alleging negligence, the plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of that duty."  
Parsons v. Carbondale Township
, 217 Ill. App. 3d 637, 643, 577 N.E.2d 779, 783 (1991).  While the existence of a duty is a question of law for the court to decide, the issues of breach and proximate cause are questions of fact for the jury, provided that there is a genuine issue of material fact regarding those issues.  
Espinoza v. Elgin, Joliet & Eastern Ry. Co.
, 165 Ill. 2d 107, 114, 649 N.E.2d 1323, 1326 (1995). 

Count VI invokes the common law duty codified in section 3-

102(a) of the Local Governmental and Governmental Employees Tort Immunity Act:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and [it] shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition."  745 ILCS 10/3-102(a) (West 1992).

Specifically, plaintiff alleges that the District's conduct breached its duty to maintain the subject portion of Highline Road in a reasonably safe condition:

"7. The defendant, Breese Township Road District, had a duty to be free from negligence in the maintenance of the above mentioned roadway, but that duty notwithstanding, they committed one or more of the following acts or omissions which alone or in combination constitutes negligence:

a. [the District] failed to maintain adequate signage to warn of the dangerous condition of the roadway;

b. [the District] failed to maintain the roadway so that the sight distance was adequate to see oncoming traffic;

c. [the District] failed to maintain the roadway with striping and markings with reflectorized paint;

d. [the District] failed to maintain the roadway surface in such a manner that it would allow a road surface wide enough for the passage of two vehicles;

e. [the District] failed to maintain the hard surface of the roadway to its full available width;

f. [the District] failed to maintain the shoulder area adjacent to the accident scene so as to keep it available for evasive actions by drivers on the roadway; [and]

g. [the District] failed to inform its maintenance crew of the hazards to be addressed when maintaining a narrow hill crest section of roadway."

After examining each of these allegations in light of the record, we agree with the circuit court's summary judgment with respect to many of plaintiff's claims.  Indeed, although guised under a negligent-maintenance theory, subparagraphs (a), (b), (c), and (f) do champion a negligent-design theory.  The record demonstrates that the subject stretch of Highline Road had limited sight distance and no warning signs, road markings, or shoulder area.  Plaintiff does not argue that the sight distance had changed since the road's construction, nor does it contend that warning signs, road markings, and/or a road shoulder area formerly existed at the collision site.  In essence, these allegations assail the District's failure to make 
improvements
 at the collision site, not its failure to properly maintain the area.  Improvement means a change for the better, while maintenance connotes preserving sameness.  This difference is fatal to these four allegations.  

Our supreme court has explained that a public entity's duty to maintain its public property under section 3-102(a) does not extend to improvements:

"It is `otherwise provided' in section 3-104 [now 745 ILCS 10/3-104 (West 1992)], which is located in article III with section 3-102(a), that a municipality does 
not
 have a duty to 
provide
 traffic control devices.  Thus, the obligation to provide traffic control devices is expressly excluded from the purview of the general duty to maintain found in section 3-

102(a).  This limitation on the scope of the duty in section 3-102(a) is in keeping with the scope of that duty as it existed at common law.  The Tort Immunity Act creates no new duties but merely codifies those existing at common law.  [Citations].  At common law, a municipality had a duty to maintain its property in a safe condition, but this duty did 
not 
extend to creating or erecting public improvements.  [Citations].  Once a public improvement was actually constructed, the municipality had a duty to maintain it in a reasonably safe condition; however, no liability could be imposed for the failure to undertake the improvement in the first place."  (Emphasis in original.)  
West v. Kirkham
, 147 Ill. 2d 1, 14, 588 N.E.2d 1104, 1110 (1992).

Clearly, section 3-102(a) does not impose a duty on the District to alter the roadway in order to improve sight distance and/or construct a shoulder area.  Nor does it require the District to erect warning signs and install roadway markings.  Therefore, because subparagraphs (a), (b), (c), and (f) cannot serve as a basis for liability under section 3-102(a), we conclude that summary judgment was appropriate with respect to these allegations.

Likewise, we think that the circuit court properly granted summary judgment on paragraph 7, subparagraph (g), of count VI.  The record is simply devoid of any evidence to support plaintiff's claim that the District failed to inform its maintenance crew of the hazards to be addressed when maintaining a narrow, hill-crest road section.

However, we do not agree with the circuit court's summary judgment on subparagraphs (d) and (e) of paragraph 7.  We believe that the record sufficiently supports these allegations to withstand summary judgment because a genuine issue of material fact exists as to whether the District failed to maintain the subject portion of Highline Road to its original width, causing the road to become too narrow for two vehicles to safely pass.  Robert L. Dumstorff, the District's Commissioner, testified at a deposition that the District exclusively maintains the segment of Highline Road where the collision occurred.  He further testified that this maintenance consisted of "oil and chipping" every other year, as well as necessary mowing and ditch cleaning.  Trooper Timmins' report indicates that the road width at the collision site was 16 feet, 7 inches.  That report also states that Highline Road's width varies from 16 feet to almost 19 feet throughout.  Strictly construing this evidence against the District and liberally in plaintiff's favor, we believe that a reasonable person may infer from these facts that the roadway was originally wider and that the District's "oil and chipping" caused the subject part of the roadway to narrow over time. 

We further surmise that a reasonable person could judge that a failure to properly maintain that surface to its original width prevented the safe passage of two vehicles.  We recognize that, while the width of the roadway at the hill crest was 16 feet, 7 inches, plaintiff stipulated that the combined width of the two vehicles involved in the collision was only slightly over 12 feet.  However, Trooper Timmins' report states "The center of the roadway has a less severe hillcrest than the north or south edge, which would encourage drivers to drift to the center for less jostling at high speeds."  Thus, the fact that the road width was greater than the combined width of the vehicles does not necessarily mean that the road was sufficiently wide for the safe passage of those vehicles.  Indeed, in our judgment, the question of whether the District failed to maintain the subject portion of Highline Road to its original width, causing the road to become too narrow for two vehicles to safely pass, is for a jury to determine.  

Still, the District contends that summary judgment was nevertheless proper in this case because it had no actual and/or constructive notice of a dangerous condition, thereby precluding liability under section 3-102(a).  We cannot agree.  

We realize that actual or constructive notice is generally a necessary predicate of any duty on the part of a public entity under section 3-102(a).  745 ILCS 10/3-102(a) (West 1992); 
Lansing v. McLean County
, 69 Ill. 2d 562, 572, 372 N.E.2d 822, 827 (1978).  However, where a public entity has negligently caused the dangerous condition, no showing of actual or constructive notice is required.  
Harding v. City of Highland Park
, 228 Ill. App. 3d 561, 570, 591 N.E.2d 952, 959 (1992).  Rather, the public entity's involvement in the condition's creation is sufficient notice.  
Dziewatkowski v. City of Chicago
, 109 Ill. App. 2d 405, 416, 248 N.E.2d 734, 740 (1969).  Sufficient notice under section 3-102(a) is "notice of a condition which, whether or not the [public entity] knows it, happens to be unsafe."  
Tracy v. Village of Lombard
, 116 Ill. App. 3d 563, 573, 451 N.E.2d 992, 999 (1983).

The crux of subparagraphs (d) and (e) is that a dangerous condition was created by the District's failure to oil and chip the surface to its original width.  If the District's negligent maintenance in fact created a narrow road, it certainly would have sufficient notice of that condition.  

Finally, the District argues that summary judgment was proper because no alleged negligence on its part was the proximate cause of the collision and, instead, the failure of one or both drivers to exercise reasonable care was the sole proximate cause of this accident.  Plaintiff counters that the District's alleged negligence is, at the very least, a concurrent proximate cause of plaintiff's injuries, along with the drivers' failure to stay within their own lanes of traffic.  We agree with plaintiff.

In addressing similar factual circumstances, we explained that there can be two negligent acts which create the proximate cause of an injury:

"Where the injury is caused by the concurrent negligence of two parties and the accident would not have occurred without the negligence of both, the negligence of each is the proximate cause of the injury.  [Citation].  However, where the alleged negligent act did nothing more than furnish a condition making the injury possible through the subsequent independent negligent act or a third party, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury.  [Citation].  The test in determining whether both acts constitute concurrent proximate cause is whether the first wrongdoer might have reasonably anticipated or foreseen the intervening cause as a natural and probable result of the first wrongdoer's negligence."  
Long v. Friesland
, 178 Ill. App. 3d 42, 55, 532 N.E.2d 914, 922 (1988).

In 
Long
, we affirmed a jury's determination that a both a negligent driver and a narrow road were the proximate cause of injuries sustained in an automobile collision, actually deciding that "a reasonable person would have foreseen that maintaining too narrow of a road *** would force a driver to drive toward the center of the roadway, thereby causing a collision with an oncoming vehicle."
  Long
, 178 Ill. App. 3d at 55-56, 532 N.E.2d at 923. 

Likewise, construing the evidence in the record strictly against the District and liberally in plaintiff's favor, we believe that a reasonable jury could make a similar inference in the present case.  Therefore, a genuine issue of material fact exists as to whether the District's maintenance of the collision site was the proximate cause of Jennifer's injuries.   

Accordingly, for the foregoing reasons, the judgment of the Clinton County Circuit Court is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent with this order.

Affirmed in part and reversed in part; cause remanded.

HOPKINS and CHAPMAN, JJ., concur.

FOOTNOTES
1:     
The circuit court has disposed of all counts against the original defendants, and those claims are not part of this appeal.